HENRIETTA M. CARPENTER and SAMUEL CARPENTER

*v.*

MATTHIA H. MITCHELL.

1. MARRIED WOMAN—*of an action at law upon her promissory note for the purchase of land.* An action at law cannot be maintained against a married woman, on her promissory note for the purchase of land or other property. The act of 1861, gives her no power to contract, except as to matters incident to, and

growing out of her right to hold and enjoy her separate property. The power to purchase land upon credit, and issue her promissory notes for the purchase money, cannot be regarded as incident to that right.

2. CHANCERY—*jurisdiction of—remedies against married women upon contracts.* Where a party sells and conveys land to a married woman, taking her notes for the unpaid purchase money, with no mortgage security for the same, he may resort to a court of chancery, and ask that the land be sold for the unpaid purchase money, or the contract rescinded; or if she and her husband have conveyed to an innocent purchaser, he may ask for payment from the proceeds of such sale.

3. So, also, should all remedies against married women upon contracts, even if they relate to their separate property, be sought upon the equity side of the court.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts are fully presented in the opinion.

Mr. B. B. SMITH, for the plaintiffs in error.

Mr. D. C. JONES, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit, brought by Mitchell against Henrietta M. Carpenter and Samuel Carpenter, upon a promissory note executed by them. Henrietta pleaded her coverture at the time the note was given. The plaintiff replied that the note was given for the balance of purchase money due upon a tract of land sold and conveyed by the payee of the note to the said Henrietta. To this replication there was a demurrer, which was overruled, and the defendant abiding by the demurrer, the court gave judgment for the amount of the note.

No exceptions of a technical character are taken to the pleadings, and the question presented by them is, whether, under the statute of 1861, a married woman is liable to an action at law upon a promissory note given by her in the purchase of land or other property.

This question has not heretofore arisen in this court. It has, however, been adjudicated by the courts of other States in reference to statutes which differ from ours only in the fact, that they remove, to a larger extent than our legislature has done, the common law disabilities of married women. The case of *Jones* v. *Crosthwait*, 17 Iowa, 393, was, as to the chief question, substantially like the one at bar. It was an action at law upon the note of a married woman, given for the purchase of land, and the question was, as to the right to recover at law under the Iowa statute for the protection of married women. The case was extremely well considered, and the court decide adversely to the right, holding that the statute of that State, while giving by clear implication, if not expressly, the power to a married woman to make contracts in reference to her own property, nevertheless, gives her no power to enter into an executory contract for the purchase of other property.

In the case *Yale* v. *Dederer*, which was twice before the New York Court of Appeals, the question of the power of a married woman to charge her separate estate, either under the statute or independently of it, was very fully discussed, and the court held, that while the statute of that State expressly authorizes a married woman to hold, convey, and devise her real and personal estate, it does not remove her common law incapacity to contract debts, and that her promissory note is void, unless given under such circumstances, and in such mode as would induce a court of equity to make it a charge upon her separate estate, independently of the statute. 18 N. Y. 265, and 22 ib. 450.

In *Howe* v. *Wildes*, 34 Maine, 566, a similar point was ruled in the same way.

These decisions are not only entitled to our respect as precedents, but they commend themselves to our reason.

At common law this action could not be maintained. Is there any thing in the act of 1861, which changes the rule? That act was entitled " an act to protect married women in their separate property," and provides, in substance, that all the property

which any married woman may own at the time of her marriage, or may acquire, during coverture, from any person other than her husband, shall be her sole and separate property, not subject to the control of her husband nor to the payment of his debts. The act is utterly silent in reference to the right of a married woman to enter into contracts. Such a right can be inferred from the act, only so far as may be necessary to fully effectuate its object. That object is, to protect married women in the enjoyment of their own property by withdrawing it from the control of their husbands, or from liability to be taken in payment of their husbands' debts. But, surely, the attainment of that object, would not be promoted by giving to them a general power to contract debts and issue promissory notes, and by holding them liable to suits upon such contracts in the courts of law. So far from protecting married women in the enjoyment of their separate property this would be to remove a shield which the law, as it now stands, interposes in their behalf. It may be both just and desirable that they should have this power, and be subjected to all its consequences, but the legislature has not yet thought proper to bestow it upon them, and we should go beyond the proper limits of our authority, should we seek to give it by a forced construction of this statute. If the law making power had desired to give them the same right to make contracts which belongs to a *feme sole*, it would have been very easy to do so in a few and simple words. No such purpose is expressed in the language of the law, and we can discover none in its implications.

It may be said that a married woman cannot adequately enjoy her separate property, unless she can make contracts in regard to it. This is true, and hence her power to make contracts, so far as may be necessary for the use and enjoyment of her property, must be regarded as resulting by implication from the statute. If she owns houses, she must be permitted to contract for their repair or rental. If she owns a farm, she must be permitted to bargain for its cultivation, and to dispose of its products. We give these as illustrations of the

power of contracting, which is fairly implied in the law. On the other hand, to hold that all her common law disabilities are removed, that she may contract debts as freely as a *feme sole*, enter into general trade, or become surety for her husband or other persons, would be giving to the statute a construction which neither its letter nor spirit would justify.

As the act gives her no power of making contracts except such as must be considered necessarily incident to the right to hold and enjoy her separate property, and as the power to purchase land upon credit, and issue her promissory notes for the purchase money, cannot be regarded as incident to that right, we must hold that an action at law cannot be maintained against her upon a note issued for such purpose. The plaintiff in this case must resort to a court of chancery. If he has conveyed to her the land without taking back a mortgage, and if she still holds the title, he can ask that the land be sold for the payment of the unpaid purchase money or the contract rescinded ; or if she and her husband have conveyed to an innocent purchaser, the plaintiff may ask for payment from the proceeds of the sale.

We will further add, that in our opinion, all remedies against married women upon contracts, even if they relate to their separate property, should be sought upon the equity side of the court, where such kind and degree of remedy may be given as the nature of each case and the equities of the parties may require, and where jurisdiction over the property rights of married women has ever resided.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*