ELIZABETH SCHMIDT *et al.*

*v.*

PHILLIP H. POSTEL.

1. MARRIED WOMAN—*promissory note of.* In an action against a husband and wife, upon a promissory note executed by both of them, the wife pleaded in bar that at the time of the making the promises, etc., mentioned, she was and still is the wife of her co-defendant, and that the note was given for hogs bought by her husband; that the debt was his, and that she signed the note only as security for him, and such note was the only cause of action, the court below sustaining a demurrer to the plea: *Held,* that the court erred, the plea presenting a complete bar as to the wife.

2. PLEADING—*plea of married woman.* Since the act of 1861, for the protection of married women in their separate property, the wife has the right to plead separately from her husband when sued with him.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of assumpsit, brought by the defendant in error against Jacob Schmidt and Elizabeth Schmidt, upon a promissory note executed by them in 1869.

Elizabeth Schmidt filed the following plea to the declaration:

"And the said defendant, Elizabeth Schmidt, in person comes and defends the wrong and injury, when, etc., and says that said plaintiff ought not to have or maintain his aforesaid action against her, because she says that she, the said Elizabeth, before and at the time of making the said supposed promises and undertakings in said declaration mentioned, was and still is the wife of said co-defendant, Jacob Schmidt; and that the consideration for which the promissory note mentioned in said declaration was given was for hogs bought by said Jacob from said Postel, and is the debt of said co-defendant, Jacob Schmidt; and that said Elizabeth signed said note only as the security of said Jacob. Defendant, Elizabeth, further avers that the several causes of action in the said several counts of said declaration are for one and the same thing, to wit: for the promissory note in the first count of said declaration mentioned, and for no other cause whatever; and this the defendant, Elizabeth, is ready to verify; wherefore she prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against her, etc."

To which plea the defendant in error filed his demurrer, and assigned for causes—

*First.* That said plea is made by defendant, Elizabeth, by herself, and claims that she is the wife of co-defendant.

*Second.* Because said plea alleges the marriage of defendant, Elizabeth, as a defense to the action of plaintiff.

The circuit court sustained the demurrer, whereupon judgment was rendered against said Elizabeth upon the demurrer, and against said Jacob by *nil dicit* for $153.48 and costs.

Mr. WM. WINKELMANN, for the plaintiffs in error.

Mr. E. L. THOMAS, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is a plain case; the main question arising in it is settled by *Carpenter et al.* v. *Mitchell,* 50 Ill. 470, where it was held that the note of a married woman, executed with her husband in payment for land purchased by the wife and conveyed to her, could not be the foundation of an action at law against her. If allowed, it would frustrate the object of the act of 1861 to protect married women in their separate property; for under the influence of her husband, which a married woman usually is, her separate property could be swept from her by his foolish undertakings and reckless contracts.

The other point made is, that a married woman, sued with her husband, can not plead separately; she must join her husband.

Still keeping in view the object of the act of 1861 to protect married women in their separate property, how easy would it be for a dishonest husband, who had procured his wife's signature to a note, to subject her property to its payment, he himself refusing to interpose any plea. If he abandons the defense or is dismissed out of the case, how could she protect her property rights unless permitted to plead? It is a necessity she should have that right. The views presented in the case of *Emerson* v. *Clayton,* 32 Ill. 493, are applicable here.

The demurrer to the plea, for the reasons alleged in support of it, should not have been allowed. The demurrer should have been overruled, and for refusing to overrule it the court erred, and for the error the judgment must be reversed and the cause remanded.

*Judgment reversed.*