## JOHN HALLEY

*v.*

## ELIZA BALL.

1. MARRIED WOMEN—*may be sued at law on their contracts respecting their separate property.* A married woman may be sued at law on contracts made by her affecting her separate property.

2. PLEADING—*replication to plea of coverture.* In a suit against a married woman, to which pleas of coverture were interposed, the plaintiff replied that the several promises and undertakings in the declaration mentioned, were made and entered into in the State of Iowa; that the services performed, material furnished, and money expended by the plaintiff for the defendant, as alleged in the declaration, were done, performed, furnished and expended, and were contracted to be so done in the State of Iowa,

concerning the necessary care and for the benefit of the separate property of the defendant, then owned by her under the laws of Iowa; and that, by the laws of the State of Iowa then and now in force, the defendant could own separate property in her individual right, and could be sued alone on contracts in regard to her separate property, notwithstanding her coverture. The circuit court struck these replications from the files: *Held*, that the court erred, and that the replications, after striking out the latter clause as surplusage, still presented a complete answer to the pleas of coverture.

3. LEX LOCI ET FORI. The remedy provided by the law of the place where a contract is sought to be enforced must be pursued, and not that of the place where the contract was made; and if the remedy in this State is in a court of equity, suit must be so brought, although the remedy was at law in the place where the contract was made.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

This was an action of assumpsit, brought in the court below, by John Halley against Eliza Ball. The defendant filed pleas of coverture, to which the plaintiff replied, and issue was joined. Subsequently, on motion of the defendant, the court ordered the replications to be stricken from the files. Thereupon judgment was entered against the plaintiff, from which he appealed.

Mr. CHARLES KELLUM, for the appellant.

Messrs. DIVINE & PRATT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Issues having been joined upon the replications to the pleas of *coverture*, the court, on motion of appellee, struck the same from the files. This action of the court is the principal cause of error assigned to which our attention has been called, and is the only one deemed material to be considered in the decision of the case.

The fourth and fifth pleas are, in substance, the same, and in them it is averred that, at the date of the making of the several alleged contracts, appellee was and still is a married

woman living with her husband. The replications to these pleas set forth, by way of avoidance of the effect of coverture, that the several promises and undertakings in the declaration mentioned were made and entered into in the State of Iowa; that the services performed, material furnished and money expended by appellant for appellee, as alleged in the declaration, were done, performed, furnished and expended, and were contracted to be so done, in the State of Iowa, concerning the necessary care and for the benefit of the separate property of appellee, then owned by her under the laws of that State, and, by the laws of the State of Iowa then and now in force, appellee could own separate property in her individual right, and could be sued alone on contracts in regard to her separate property, notwithstanding her coverture.

The objection taken is that, although the contract between the parties is valid by the laws of Iowa, where it was made, it can not be enforced in this State in a court of law, and to support the objection, the case of *Carpenter* v. *Mitchell,* 50 Ill. 470, is cited.

A party seeking to enforce a contract valid by the laws of another State, must avail of the remedy provided by our laws. In case of contracts made by married women, if the remedy was only in equity, as held in *Carpenter* v. *Mitchell, supra,* then the party would have to pursue his remedy in chancery, and not otherwise. It was, doubtless, on the authority of that case that the circuit court held the replications bad. The rule stated in *Carpenter* v. *Mitchell, supra,* was modified in *Cookson* v. *Toole,* 59 Ill. 515, and it was there held that a married woman might be sued alone at law on contracts affecting her separate property.

That part of the replications which alleges that, by the laws of the State of Iowa, a married woman could be sued alone on contracts concerning her separate property, did present an immaterial issue. A *feme covert* may be sued at law on such contracts, but it is under our laws, and not by reason of anything contained in the laws of Iowa.

After rejecting that part of the replications as surplusage, enough remained to constitute a complete answer to the pleas of coverture, under the rule in *Cookson* v. *Toole, supra,* and it was error in the court to strike the issues from the files. *Hainer* v. *Smith,* 63 Ill. 430.

For the error indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*