C. & J. Conkling

*v.*

Caroline Doul *et al.*

1.   Husband and wife.   In the absence of an estate in the wife created through the intervention of trustees, or derived from persons other than her husband, so as to bring it within the act of 1861, the rights of husband and wife will be precisely as at common law.   If the husband consents that his wife may hold personal property and carry on business in her own name, or receive the rents and profits of her land, unless such consent is based upon a sufficient consideration, he may withdraw it at any time, and assert his rights at common law.

2.   Married women—*separate estate cognizable in equity.*   It is only where the separate estate of a married woman is created through the intervention of trustees holding for her sole use, that a court of equity will take cognizance to charge the same with her debts.   Where it is acquired under the act of 1861, from a source other than her husband, it is a legal estate, and in that case she has legal capacity to enter into contracts in respect to it, which are cognizable in a court of law.

3.   Same—*when separate estate chargeable in equity.*   Where an estate is vested in trustees for the use of a married woman, she can neither dispose of the same nor create a charge upon it except in the manner and for the

purposes specified in the instrument creating the trust; and the courts will not render a decree establishing a charge on it without having the trustees and the instrument before them.

4. SAME—*contracts not relating to separate property, void.* Where a married woman kept a restaurant, with her husband's consent, and purchased groceries to enable her to carry on the business, and it did not appear that she acquired the property since the act of 1861, from some other source than her husband, or acquired the same by her earnings since the act of 1869, or that it was held for her separate use by trustees, it was *held,* that a creditor's claim for the balance due from her on an account was void at law.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Messrs. J. C. & C. L. CONKLING, for the plaintiffs in error.

Messrs. HARVEY & WOLCOTT, for the defendants in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a bill in equity, by plaintiffs in error, who were engaged in trade as grocers, against defendants in error, who were husband and wife, and living together as such, for the purpose of having the balance of a running account for groceries furnished by plaintiffs to the wife while she was carrying on a restaurant in her own name with the husband's consent, declared to be a charge upon her separate estate, and decreed to be paid therefrom. The bill alleges that she owned property in her own name; that the articles purchased by her increased the value of her separate property, and that she purchased them with the intention that they should be a charge upon her separate property.

The bill not waiving the necessity of an answer upon oath, she answered under oath, denying that she purchased the articles with the intention of making them a charge upon her separate estate, or that they increased the value thereof.

Replication was filed, and the cause heard upon pleadings and proofs, the court below dismissing the bill. The plaintiffs

bring the record here by writ of error, and assign error upon that decree.

From our examination of the record, which is in a small compass, we do not find that any attempt was made to show that the alleged separate estate, upon which it is sought to make this balance of account a charge, was created through the intervention of trustees holding for the sole use and benefit of the wife, so as to establish the case of a separate estate cognizable by equity; nor was there any thing tending to show that the wife's separate property was derived from persons other than her husband, so as to bring it within the statute of 1861 relative to the separate property of married women.

It is alleged that the business of keeping a restaurant was carried on by means derived from the wife's own earnings, but it is not alleged that these earnings were since the act of 1869 went into force, giving such earnings to the wife.

In the absence of an estate created through the intervention of trustees, or derived from persons other than the husband, so as to bring it within the act of 1861, the rights of husband and wife here are precisely as at common law. If he consents that she may hold personal property and carry on business in her own name, or receive the rents and profits of her land, and that is all the record shows, still, if that consent is not based upon a sufficient consideration, it may be at any time withdrawn, and his rights at common law asserted.

If the alleged separate estate had been created by an instrument vesting the property in trustees for her sole use and benefit, she could neither dispose of the property nor create a charge upon it, except in the manner and for the purposes specified in the instrument. *Swift* v. *Castle*, 23 Ill. 209. And no court would render any decree establishing such charge, without having the trustees and the instrument before it.

If the alleged separate estate was derived from persons other than the husband, so as to bring it within the act of 1861, then if, by the manner of becoming invested, it would have

been a legal estate in a *feme sole*, it would likewise be such in Mrs. Doul. In that case, she would be clothed with a legal capacity, by implication of the statute, to enter into contracts in respect to such separate estate, which would be cognizable by courts of law. *Cookson* v. *Toole*, 59 Ill. 515. But how far and under what circumstances her general engagements could properly be made a charge upon her separate estate, whether legal or equitable, by courts of equity, we are not now called upon to decide. No case is presented by this record calling for a decision upon such a question.

As this case stands, we regard the claim against the wife, for the balance of the grocery bill, as void at law, and there is shown no ground for making it a charge upon her separate estate in equity.

The bill was properly dismissed, and the decree must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER: I concur in the decision in this case, but think the wife should be held liable to be sued at law, and the money collected out of her separate property, as she was doing business in her own name for her own profit, with the full consent of her husband.