## FREDERICK BAUMAN, Admr.

### *v.*

## MARY T. STREET *et al.*

1. MARRIED WOMEN—*contracts for necessaries, at common law.* The husband being bound to provide necessaries for his wife and infant children suitable to their condition in life, the wife, while living with her husband, by the common law can not bind herself by contract even for necessaries.

2. SAME—*under statute of 1861, wife may contract respecting her separate property.* Where the marriage takes place after the passage of the Married Woman's act of 1861, and the wife had property, whether real or personal, belonging to her at the time of the marriage, or if, during coverture, she, at any time after that act took effect, derives property from any person other than her husband, she, in either case, will be entitled to hold, possess and enjoy the same as though she were sole and unmarried, and, by implication, has the legal capacity to contract with reference to and for the benefit of such separate estate, and such contracts are enforceable at law.

3. SAME—*contracts of, not in respect to their separate property.* There doubtless may be cases when the wife has a separate estate under the act of 1861, and her contracts are not in relation to or for the benefit of such estate, that although such contracts would not fall within the implied legal capacity conferred by the statute, yet if they were made for her own personal benefit, upon the faith and credit of such separate estate, they might be enforced in equity, the same as in cases where the wife, independently of the statute, had a separate estate in equity under a settlement.

4. SAME—*requisites of bill to enforce their contracts in equity.* In order to show a case by bill in equity to enforce a contract of a married woman entered into prior to the act of 1874, the bill must distinctly show that she held a separate estate under such circumstances as would clothe her with the right to hold, possess and enjoy it as though she were sole and unmarried, under the statute of 1861, or show a settlement giving her an estate in equity without reference to any statute, and if the latter, whether the settlement specifies the mode and manner of her creating a charge upon it, and what that mode is.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a bill in equity, by Conrad Schaub against Mary T. Street and her husband, Kennedy Street. The bill alleged that the defendants were indebted to complainant in the sum of $500 for necessaries bought of him at divers times by the said Mary T. Street between June 1, 1867, and March 1, 1870, and for interest on accounts for said necessaries after settlement, and balance agreed on by said Mary T. and the complainant; that the necessaries were charged to said Mary T. by her express order and direction, and with her personal knowledge of the same, she agreeing at the time of the purchase, and subsequently, to pay for the same out of her own separate property, the complainant refusing to give credit to the husband, understanding him to be insolvent, and understanding and believing that the said Mary T., from her own statements, was the owner in fee of a large farm in the county of Madison, Illinois, also of personalty to a large amount, and that she and her family were in absolute want and need of the articles so bought; that the said Mary T. was a married woman, and was married at the time of the sales to her,

and was the wife of Kennedy Street; and that said Mary T. had been frequently requested to pay said indebtedness, but refused to do so, and also refused to discover and set forth what such real and personal estate was, or the particulars whereof the same consisted, or the value thereof, or how the same has been disposed of particularly. The prayer of the bill was, that defendants be compelled to pay complainant the amount so due him, and that the separate property of the said Mary T. be subjected to the payment of the same, etc.

The complainant having departed this life, his death was suggested, and Frederick Bauman, his administrator, was substituted in his place. The court sustained a demurrer to the bill, and ordered its dismissal, and the administrator prosecuted this writ of error.

Mr. DAVID GILLESPIE, for the plaintiff in error.

Messrs. IRWIN & KROME, for the defendants in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a bill in equity, brought in the Madison circuit court, by Conrad Schaub, a merchant engaged in the retail of dry goods and groceries, against Mary T. Street and Kennedy Street, her husband, upon an account, for the purpose of charging the separate property of the wife for the amount thereof, the same being for necessaries furnished by complainant out of his store to the defendants while living together as husband and wife.

The court below sustained a demurrer to the bill, and complainant declining to amend, a decree of dismissal was entered, and error brought to this court.

At law, the husband is bound to provide necessaries for his wife and infant children, suitable to their condition in life. The wife, while living with her husband, can, by the common law, bind herself by no contract, not even for necessaries.

*Cookson* v. *Toole*, 59 Ill. 515. In that case, and the rule has been followed in subsequent cases, it was held that, where the marriage was after the Married Woman's act of 1861, and the wife had property, whether real or personal, belonging to her at the time of the marriage, or if, during coverture, she, at any time after the act went into force, derived property from any person other than her husband, then, in either case, she was entitled, by that statute, to hold, own, possess and enjoy such property the same as though she were sole and unmarried; that such a right of enjoyment gave her a capacity, by implication, to contract with reference to and for the benefit of such separate estate; that the right itself of enjoyment of the estate, being conferred by statute, it was a legal right, and she would have a legal estate where, under the same circumstances of the title, an unmarried woman would; and that it followed from the premises, the capacity thus given by implication was a legal capacity; so that contracts made within the limited capacity here conferred would be enforceable at law.

There doubtless may be cases where she has a separate estate under the statute of 1861, and her contracts are not in relation to or for the benefit of such separate estate, that, although such contracts would not fall within the implied legal capacity conferred by the statute, yet, if they were made for her own personal benefit, upon the faith and credit of such separate estate, they might be enforced in equity, the same as in cases where the wife, independently of the statute, had a separate estate in equity under a settlement. This is the doctrine announced in the case of *Cookson* v. *Toole, supra,* and we perceive no objection to it.

If this bill had been properly framed in other respects, a question might arise whether a contract for necessaries for the family, which the husband was bound to furnish, could be regarded as for her *personal* benefit. As this case must be disposed of upon other grounds, it is unnecessary here to discuss it.

34—76TH ILL.

In order to show a case by bill in equity to enforce the engagements of a married woman, entered into prior to the act of 1874, it must be distinctly shown by the bill, that she held a separate estate under such circumstances as would clothe her with the right to hold, possess and enjoy it, as though she were sole and unmarried, under the statute of 1861, above referred to; or to show a settlement giving her an estate in equity, without reference to any statute.

The bill in this case shows neither. It was impossible for the court below to have intelligently, and upon defined principles, passed a decree charging the separate estate of the wife upon what appeared upon the face of the bill. *Non constat,* the only interest she had was under a deed of settlement, which specified the mode and manner in which she should create any charge upon it. *Conkling* v. *Doul,* 67 Ill. 355.

The decree of the court below will be affirmed.

*Decree affirmed.*