WILLIAM E. FURNESS *et al.*

*v.*

ELIZABETH McGOVERN *et al.*

1. MARRIED WOMEN—*remedy against them on contracts.* The liability of a married woman for services rendered at her request, in relation to her separate property, is at law, and not in equity.

2. SAME—*charge on their separate property.* There must be a positive intention manifested by some appropriate instrument in writing, or otherwise, to make the debt or claim a specific charge upon the separate property of a married woman, before equity will assume jurisdiction to enforce it.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. CHAS. E. POPE, for the plaintiffs in error.

Messrs. FORESTER, BEEM & GIBBS, for the defendants in error.

22—78TH ILL.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Complainants allege they were employed by defendant, Elizabeth McGovern, to negotiate for her a loan of money, to be secured on her separate property; that they did effect such loan, but that she declined to receive the money and secure it upon her property, according to their agreement with her; and that they are entitled, under their contract, to commissions for procuring the loan on her behalf, which they seek, by this bill, to enforce against and have declared a lien upon her separate property.

Conceding the contract was made as alleged, and that there has been a breach, complainants can obtain no relief in equity. The defendant is a married woman, and the contract insisted upon, if made at all, was made with her in relation to her separate property, and the liability, if any, is at law and not in equity. *Cookson* v. *Toole*, 59 Ill. 515; *Halley* v. *Ball*, 66 Ill. 250; *Parent* v. *Callerand*, 64 Ill. 97.

A general engagement or simple contract will create no such charge upon the separate property of a married woman, as can be enforced in a court of equity. There must be a positive intention manifested by some appropriate instrument in writing, or otherwise, to make a debt or claim a specific charge upon her estate, before equity will assume jurisdiction. That has not been done in this case. Whatever remedy the parties may have had, is at law. *Williams* v. *Hugunin*, 69 Ill. 214.

But another view may be taken, that is conclusive of the present case. All the allegations of the bill are distinctly and positively denied in the answer, and they are not sustained by any proof in the record.

The bill was therefore properly dismissed, and the decree must be affirmed.

*Decree affirmed.*