JOHN C. GARLAND ET AL.

v.

BENJAMIN PEENEY, use, etc.

1. COVERTURE—PROMISE BY WIFE—COMMON LAW RULE.—The declaration declared specially upon a promise made by the defendants to pay for materials furnished in erecting the dwelling house of the defendant, Helen L. Garland; *held*, that at common law such a promise was not obligatory upon the wife, because of her legal incapacity to make it; that the fact of coverture showed a misjoinder of parties, and the plaintiffs should have been non-suited.

2. REMOVAL OF DISABILITY—ACTS OF 1861 AND 1869—BURDEN OF PROOF.—The acts of 1861 and 1869, by implication, empowered a married woman to make contracts relating to her separate property, but her power at law to make binding agreements was still exceptional, more like that of an infant. The presumption was still against her legal capacity, and it was incumbent upon a person seeking to charge her upon such a contract, to show affirmatively that it related to her separate property, acquired in one of the ways mentioned in the statute, and was within the exception which gave her capacity.

3. DECLARATION—INSUFFICIENT AVERMENT.—The declaration was upon a promise to pay for materials and work for "the dwelling house of the defendant, Helen L. Garland." This is insufficient, for want of a further averment, that the house was acquired by her *in some of the ways* mentioned in the acts above referred to. The promise declared on was absolutely void in law, as to her, by reason of her coverture.

4. PLEADING—MISJOINDER—DENIAL OF JOINT LIABILITY.—The statute, requiring defendants to make denial of joint liability by verified plea, is not intended to forbid such question to be raised in any other manner by defendants, but merely to relieve the plaintiff of the common law burden of proving it in the first instance. The plea of the general issue required of the plaintiff proof tending to show a contract that would charge both defendants, and if it appeared that one of the defendants was incompetent to contract, that fact must defeat the action.

5. MISCONDUCT OF JUROR.—The record presented some facts tending to show misconduct on the part of one of the jurors, and rulings of the court in relation thereto, but upon this question the court states no opinion.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BARNUM and VAN SCHAACK, for plaintiff in error; as to capacity of defendant, Helen L. Garland, to contract, and

that plaintiff should prove her property was acquired as mentioned in the statute, cited, Carpenter v. Mitchell, 50 Ill. 470; In re Bradwell, 55 Ill. 535; Cookson v. Toole, 59 Ill. 515; Thomas v. Lowy, 60 Ill. 512; Conkling v. Doul, 67 Ill. 355; Schmidt v. Postel, 63 Ill. 58; Reeves v. Webster, 71 Ill. 307; Johnson v. Johnson, 72 Ill. 489; Farrell v. Patterson, 43 Ill. 52.

That coverture could be shown under the general issue, Streeter v. Streeter, 43 Ill. 155; Thomas v. Lowy, 60 Ill. 512; McLean v. Griswold, 22 Ill. 218; 1 Chit. Pl. *476.

That recovery must be had against all defendants or none, McLean v. Griswold, 22 Ill. 218; Thomas v. Lowy, 60 Ill. 512; Griffith v. Furry, 30 Ill. 251.

As to misconduct of juror, Stampofski v. Steffens, 79 Ill. 303; Tewsbury v. Sperry, 9 Legal News, 382; Blalock v. Phillips, 38 Ga. 221; Oliver v. Trustees, 5 Cowen, 283; Bennett v. Howard, 3 Day (Conn.) 223; Dana v. Roberts, 1 Root (Conn.) 134; Bow v. Parsons, 1 Root (Conn.) 429; Bullock v. Hosford, 2 Root (Conn.) 349; Foster v. Brooks, 6 Ga. 298; Martin v. White, 2 Scam. 69.

Mr. WALTER B. SCATES, for defendant in error. As to capacity of married woman to contract, cited, Rev. Stat. 576, § 7; Id. 577, § 9; Id. 280, § 38; Id. 622, § 3; Id. 497, §§ 1, 2; Id. 665, § 2; Id. 423, § 1.

As to denial of joint liability and proof of coverture, Rev. Stat. 779, § 35; Work v. Cowhick, 81 Ill. 317.

PLEASANTS, J. In the Superior Court of Cook County the defendant in error, who was plaintiff there, recovered a judgment against the plaintiffs in error, in assumpsit, jointly, upon a verdict for $1,785.00; and the main question here is whether such a case was made, at least as against the defendant Helen L. Garland, as was necessary to support it.

The declaration contained a special count and common counts. By the former it was averred that on the first day of June, 1872, the defendants made a verbal contract with the plaintiff, whereby he undertook to furnish suitable material and the planing-mill work upon the same, of " certain portions of the dwelling-house

of the said defendant, Helen L. Garland," and in consideration thereof the said defendants "verbally undertook," and promised the plaintiff to pay him therefor the sum of four thousand dollars, etc.

Defendants severally pleaded the general issue, and it appeared by the proof that at the time of making the contract, which was in June, 1872, and for years before, and ever since, they were husband and wife, and so residing together.

At common law, the promise in such a case was not obligatory upon a married woman. The plaintiff could never have had a cause of action upon it as against her, because of her legal incapacity to make it. The fact of coverture *at the time* was, therefore, admissible in evidence under the general issue: 1 Ch. Pl. marg. pp. 476–'7, and Streeter v. Streeter, 43 Ill. 155; and its effect was to wholly defeat the action. It showed a misjoinder of parties, for which the plaintiff must have been nonsuited: 1 Ch. Pl. 44.

Was not such its proper legal effect in the case at bar? When the promise in question was made, if it was ever in fact made by the defendant, Helen L. Garland, the common law disability of coverture in this State had been in part removed. The acts of 1861 and 1869, by implication, empowered a married woman to make contracts relating to her separate property and earnings, acquired as therein described. But notwithstanding these acts and the disposition of the courts to give them a liberal construction, we are of the opinion that her power at law to make binding agreements, was still exceptional. Her case was made more like that of an infant, to which also the rule above stated was applicable, although he could bind himself by certain contracts, as for necessaries. So as to a married woman. The presumption was still against her legal capacity, and it was incumbent on her, when she sought to enforce her supposed contract, or upon the adverse party when he sought to charge her by it, to show affirmatively that it related to such property so acquired, and thus was within the exception which gave her capacity, and not within the rule which denied it: Farrell v. Patterson, 43 Ill. 52; Reeves v. Webster, 71 Ill. 307; Carpenter v. Mitchell, 50 Ill. 470; Cookson v. Toole, 59 Ill. 515; Thomas

v. Lowy 60 Ill. 512; Halley v. Ball, 66 Ill. 250; Conklin v. Doul, 67 Ill. 355; Haight v. McVeagh, 69 Ill. 624; Husband v. Epling, 81 Ill. 172.

That she may be precluded from showing the fact as a defense, by the form of the issue made, as in Work v. Cowhick, 81 Ill. 317, or estopped by her own acts *in pais*, as in Nixon v. Halley, 78 Id. 611, also show the rule; and the enlargement of her capacity by the act of 1874, inapplicable to this case, because not passed until long after the transaction, was a legislative recognition of it.

The declaration alleges that the promise in this case was to pay for material and work for "the dwelling house of the defendant, Helen L. Garland," but that, in our judgment, is insufficient to bring it within the exception. If it had also disclosed the fact that she was, at the time, the wife of her co-defendant, it would have been demurrable for want of further averment that said house was acquired by her *in some of the ways mentioned* in the acts above referred to. The result, however, is the same, since the fact of coverture is abundantly proved, and to meet it, we discover in the record no evidence tending to show that the property was hers *and so acquired*. Indeed, we find but one item legally tending to show that it was hers at all. For the purpose of contradicting the plaintiff as to some statements made by him as a witness on the trial, he was asked upon cross-examination, if he had not made different statements in a petition filed by him under the Mechanics' Lien Law, for the same claim, and a portion of said petition was offered and read in evidence on the part of the defendants, whereupon the whole of it was offered on the part of the plaintiff, and admitted, and was found to contain an averment that she was the owner in fee of the lot, and had been ever since the year 1871. This must be regarded, under the circumstances, as evidence of the lightest kind, and it is greatly outweighed by the proof to the contrary. Nor do we perceive that so far as affects this case, there is any substantial difference of presumption as to the ownership of real estate and of personal property, in the joint possession of husband and wife. For, although there may be a difference in the strength of them in favor of the husband, there is

Garland et al. v. Peeney, use, etc.

simply no presumption at all in either case, in favor of the wife.

Our conclusion, then, upon this point, is that the promise declared on, if in fact made by Mrs. Garland, was absolutely void in law as to her, by reason of her coverture.

But, furthermore, we find no evidence that she ever, in fact, made it or joined with her husband in it. On the contrary, the plaintiff himself testified that the verbal contract was made between himself and Mr. Garland, "individually." That she suggested alterations in the plan, specially affecting her convenience as his wife and housekeeper, and knew of the work as it progressed, are just as consistent with the supposition that she did not take part in making the contract, as that she did.

Counsel for the defendant in error, while admitting the rule in reference to the effect of coverture, and its admissibility under the general issue to be at common law as above stated, insists that in this case that fact, proved under the general issue, is not pertinent; that it traverses no allegation which is put in issue by that plea; that it goes only to the joint liability of the defendants, and should therefore have been pleaded in abatement, or in a special plea in bar, denying such liability, and verified pursuant to § 36 of the Practice Act.

We are of a different opinion. The provision referred to seems to us not absolutely to forbid any question by the defendants, or either of them, of their joint liability, without such verified plea, but merely to relieve the plaintiff of the common law burden of proving it "in the first instance." Some effect must be given to the words quoted. The construction contended for by counsel ignores them. In our view, the plea of the general issue required of the plaintiff some proof tending to show a contract substantially such as was described in the declaration, and such as that the persons sought to be charged might be, in fact and in law, parties to it. But proof of any contract necessarily includes the competency of the parties, and however presumptions, in the absence of proof to the contrary, may aid in making out this element, yet when it expressly appears that one of those jointly charged was legally incompetent, and therefore never a party to the contract, nor anywise

bound by it, that fact must defeat the action.    It shows not only that there was no joint liability, but that there was no liability at all on the part of one of the defendants, nor any legal possibility of it.

The proof here was made as well by the plaintiff as by the defendants below, and brings the case strictly within the rule declared by this court in Davison v. Hill, Chicago Law Journal, No. 1, p. 59.

That the Superior Court tried the cause upon views of the law different from those above expressed as ours, is sufficiently indicated by a remark of the Judge upon the effect of the want of a plea of misjoinder, preserved in the bill of exceptions, and by the instructions given, which are assigned for error.

In our opinion, these were erroneous, and therefore the judgment should be reversed and the cause remanded.

Other questions are presented by the record, growing out of alleged irregularities in the conduct of a juror and of the jury, but as they are not likely to recur, we deem it unnecessary to discuss them.

Judgment reversed and the cause remanded.