THE KANKAKEE COAL COMPANY

*v.*

THE CRANE BROS. MANUFACTURING COMPANY.

*Filed at Ottawa May 16, 1889.*

</div>

MECHANIC'S LIEN — *evidence of indebtedness — to be produced.* The petitioner for a mechanic's lien is bound, on the hearing before the master, or upon the hearing in court, to make out his right to the lien, and for that purpose to produce the original notes given to him, or to account for their non-production. A stipulation that at the time of the filing of the bill the notes, as charged in the bill, were unpaid, and that said notes were dated and due for the amounts as charged, will not obviate the necessity of producing the notes on the hearing.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. Stephen R. Moore, for the appellant:

The complainant was not entitled to a decree without producing the notes or accounting for the same. *Clement* v. *Newton,* 78 Ill. 427; *Bayard* v. *McGraw,* 1 Bradw. 141; *Peck* v. *Standart,* id. 228; *Rayburn* v. *Day,* 27 Ill. 46.

Mr. H. K. Wheeler, for the appellee, contended that the stipulation in the case waived the necessity of producing or accounting for the notes.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was a petition brought by Crane Bros. Manufacturing Company, against the Kankakee Coal Company and others, to enforce a mechanic's lien. It is alleged in the petition that the Kankakee Coal Company applied to petitioner "to furnish it, for use in its coal mine, on the lands hereinafter named, one horizontal link-motion engine, for hoisting purposes, and that on the 14th day of March, 1883, your petitioner and said coal company made a contract for mine hoisting machinery, to be delivered by your petitioner on board the cars in Chicago, Illinois, for the sum of $2200, to be paid for, one-third cash, at the delivery of said hoisting machinery, and one-third in three months from date of delivery, and one-third in four months from date of delivery, and that in pursuance of said contract your petitioner made said hoisting engine, and that on the 20th day of July, 1883, was ready to deliver said engine, but that the coal company pretended it could not comply with its said agreement as to the time of payment for said hoisting machinery, and it was then and there agreed that said coal company should pay for said engine as follows: $741.47 on September 20, 1883, $746.27 on the 20th day of October, 1883, and $751.55 on November 20, 1883, by the notes, for said amounts, of said company, all bearing date July 20, 1883; and your petitioner, in pursuance of said agreement, delivered

said hoisting engine to the said coal company, and it was then shipped to the land of said coal company, and put in use on said coal land, and used in the operations of the coal mine." It is admitted in the answer that the coal company purchased an engine for hoisting purposes, as is charged in said bill of complaint; that the coal company gave its notes to complainant for the payment of the engine; that the engine is used by the coal company in hoisting coal; that the coal company is in possession of the land mentioned in the petition; but it is denied that a lien can be enforced in equity, under the case made in the petition. Upon replication being filed, the cause was referred to the master, the evidence taken, exceptions to the report overruled, and a decree rendered in favor of petitioner.

Several grounds have been urged for a reversal of the decree, but in the view we take of the record it will only be necessary to consider one of them.

The three promissory notes which were given for the engine were not produced before the master, nor were they presented in the circuit court, or offered in evidence on the hearing. Upon this state of facts a specific objection was made by the defendant in the argument before the master, as follows: "No lien can be enforced unless the notes are delivered up, which is not done." In the master's report the objection was disposed of in the following language: "As to delivering up the notes, the evidence does not disclose where they are, but as complainant can both sue at law and file bill for a lien, I hold he does not have to deliver up the notes. The notes being given to complainant, the presumption is that the company still has them, until the contrary is shown by the defendant." Exceptions were filed to this part of the report, but they were overruled. It will thus be seen that the question was fairly presented before the master, and in the circuit court, whether the petitioner could recover without the production of the notes, or accounting, in some satisfactory manner, for their non-production.

No decree could be obtained in favor of petitioner unless an indebtedness was established, and the notes which had been given for the engine were the evidence necessary to establish the debt. The petitioner was therefore bound to produce the notes or account for their non-production.

There was a stipulation of the parties in regard to certain facts, which, among other things, contained the following: "It is admitted that at the time complainant filed the petition the three notes, as charged in complainant's bill, were unpaid, and said notes were dated and due for the amounts as charged in said bill." And in the argument it is claimed that this stipulation dispensed with the production of the notes. Suppose the notes were unpaid when the bill was filed; that they were dated as alleged, due for the amounts as charged in the bill. This might all be true, and at the same time the notes might be held and owned by a third party. If the notes were held and owned by a stranger when the petition was filed, it is plain that the petitioner was not entitled to a decree. The burden was upon petitioner to establish each fact required by the statute before he was entitled to a decree. One of the contested facts was a *bona fide* indebtedness. That was not proved or admitted.

It has, however, been suggested, that the question was not raised in the circuit court. This is a misapprehension of the condition of the record. The master's report and the exceptions thereto show, beyond dispute, that the question was fairly presented, and relied upon by the defendant, and there was ample opportunity to produce the notes before the master, or on the trial before the court, after the question was raised. We think in this regard the decree is erroneous.

The judgments of the Appellate and circuit courts will be reversed, and the cause remanded.

*Judgment reversed.*