# JACOB MARSKI

## v.

## JOHN SIMMERLING.

*Mechanics' Liens—Secs. 29, 33, 37, Chap. 82, R. S.—Sec. 58, Act Concerning Justices.*

1. Sec. 58 of the act concerning justices in any action upon a contract against joint defendants, relieves the plaintiff from the necessity of proving in the first instance the joint liability of the defendants. Under this section a joint liability is not established by the mere failure to deny it. If the evidence shows clearly a liability of only one person, a judgment can be had against one only.

2. The provision of the statute, Sec. 37, Chap. 82, R. S., does not make owner and contractor jointly liable to the extent of the sub-contractor's claim. The owner can not, as a rule, be made liable beyond the amount he has contracted to pay, or to pay at a different time or in a different manner, save that where work of a certain value has been done, the owner may, to the extent of such value, be, in case of an abandonment by the original contractor, liable to a sub-contractor.

3. A sub-contractor having brought suit against a property owner and an original contractor to recover for work done, there being no evidence as to whether such contractor ever completed his contract or was entitled

to anything at the time of, or after service of the statutory notice, this court holds that the judgment for the complainant was unsupported by the evidence, and that the same can not stand.

[Opinion filed December 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLOTT ANTHONY, Judge, presiding.

Messrs. THEODORE H. SCHINTZ and FRANK IVES, for appellant.

Mr. A. G. WHITNEY, for appellee.

MR. JUSTICE WATERMAN. One Louis Krueger having a contract with Jacob Marski to build for him, appellant, a house, made a contract with John Simmerling, appellee, to do the plastering. Simmerling did the work, and having first served notice under the statute upon Marski, thereafter, not being paid, brought suit against Krueger and Marski, as jointly liable.

Upon the trial it did not appear upon what terms Krueger undertook to build the house, whether for cash or real estate, when he was to be paid, or that he had ever completed his contract, or was entitled to anything, either when the notice was served or at any time thereafter. Nor was there any evidence as to the value of the work done by Krueger.

There was, therefore, no liability shown as existing upon the part of appellant.

Appellee was a sub-contractor who had served a notice upon appellant, the owner, as provided by statute, but it not being shown that Krueger either completed or failed to complete his contract, his right to recover must depend upon something having been due the original contractor when he gave such notice, or at some time thereafter.

Sec. 33, in force at the time of serving notice and of commencing suit, is as follows:

" No claim of any sub-contractor, mechanic, workman, or other person, shall be a lien under Sec. 29 of this act, except

so far as the owner may be indebted to the contractor at the time of giving such notice, as aforesaid, of such claim, or may become indebted afterward to him as such contractor."

An exception to this exists when the original contractor fails to complete his contract; and it was in view of such exception that the case of Doyle v. Munster, 27 Ill. App. 130, was decided.

. Appellee insists that the owner and the original contractor were, after his notice was given, jointly liable; and that as no plea denying joint liability was filed, the judgment in this case against the owner must be sustained.

The provision of the statute, Sec. 37 of Chap. 82, that the owner and contractor may be *sued* jointly, does not make them jointly liable to the extent of the subcontractor's claim. The owner can not, as a rule, be made liable beyond the amount he has contracted to pay, or to pay at a different time, or in a different manner, save that where work of a certain value has been done, the owner may, to the extent of such value, be, in case of an abandonment by the original contractor, liable to a sub-contractor.

The contractor is liable for what and as he has promised to pay, whether it be more or less, sooner or later, than what the owner is to pay him.

Sec. 58 of the act concerning justices, does, in actions upon contracts against joint defendants, relieve the plaintiff from the necessity of proving in the first instance the joint liability of the defendants. Under.this section a joint liability is not established by the mere failure to deny it. If the evidence shows clearly a liability of only one person, a judgment can be had against one only. In the present case, the evidence showed Krueger to be alone liable. Davison v. Hill, 1 Ill. App. 70; Garland v. Peeney, 1 Ill. App. 108; Rosenberg v. Barrett, 2 Ill. App. 386.

The fact that appellant offered appellee $70 by way of settlement is immaterial.

The evidence being insufficient to sustain the judgment, it is reversed and the cause remanded.

*Reversed and remanded.*