## Benjamin Wookey v. W. I. Slemmons et al.

1. BURDEN OF PROOF—*On Sub-contractor.*—In this State the tendency of the decisions is that the sub-contractor takes the burden of proving the terms of the original contract, and that something was due on it at the time of serving his notice.

2. PRACTICE—*Joint Defendants with Different Defenses.*—Where two are sued in assumpsit, and one has a defense not good as to the other, such as minority, and other like defenses, recovery can be had as against the other alone.

Assumpsit.—Goods sold and delivered. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

ARTHUR KEITHLEY, attorney for appellant.

WINSLOW EVANS, ISAAC C. EDWARDS and W. I. SLEMMONS, attorneys for appellees.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellee Slemmons was the builder of a dwelling house in the city of Peoria, in the years 1891 and 1892. The appellant was the maker of brick in the same city, and S. P. Teft & Son, partners, were contractors with Slemmons to furnish material and build the house.

The appellant sold to the contractor, Left & Son, 28,500 bricks at $6.50 per thousand, for the purpose of use in the erection of appellee's building. The brick was delivered before November 12, 1892, but after the brick was used Charles Teft died, and the building was completed by the survivor of the firm, S. P. Teft. Shortly after the brick had been delivered the Tefts gave an order to appellee Slemmons for $100 in part payment for the brick, which order on the 12th of November, 1892, was honored and paid by the drawee. The balance of $85.25 remained unpaid, and on the 15th of December of the same year, appellant applied to appellee Slemmons for payment, and payment was refused by the latter.

On the same day appellant gave appellee Slemmons a written notice, under Sec. 30, Chap. 82, R. S., in due form, that he would hold appellee's (Slemmons') house, building, and the latter's interest in the ground, liable for the claim for the brick furnished to Teft & Son to be put in the building.

The claim remaining unpaid appellant brought suit before a justice April 7, 1893, under Sec. 37 of the same chapter of the mechanic's lien act, against S. P. Teft and appellee Slemmons. After trial and judgment, the case was appealed

to the Circuit Court, and on the trial before a jury, and after all the evidence had been given in, the court, at the request of appellee Slemmons, instructed the jury that the evidence was not sufficient to sustain a verdict for appellant against defendant Slemmons, and that it should find the issues for the latter.

The jury then returned its verdict for Slemmons, as directed by the court, which verdict was entered, after which the court ordered the jury to consider the issues as between appellant and defendant Teft. The jury thereupon returned a verdict in favor of appellant, against appellee Teft, for $85.25, and the court, after overruling motion by appellant for new trial, rendered judgment on the verdict and against appellant for costs as to defendant Slemmons. The case is now brought here by appeal, and this court asked to reverse the judgment, for the assigned error on the part of the court below in giving said instruction to the jury to find for appellee Slemmons, and for ordering verdict against appellee Teft.

The main question arises on the contested question whether there was sufficient evidence in the record to have sustained a verdict against appellee Slemmons.

In order to determine this question, we will first consider the nature of the suit and the proof required, and then view the evidence to see if such a verdict could be sustained.

There are two questions arising and argued. First, as to whether, under section 37, the proof was sufficient, and second, whether, under section 47, the statute of limitations had run against the prosecution of the suit.

Section 37 limits recovery to any money "due the original contractor from the owner;" then, if any such be due, the sub-contractor may have his right to enforce his lien by petition, etc., "or he may sue the owner and contractor jointly for the amount due him, and a personal judgment may be rendered thereon as in other cases." Section 47 limits the right to sue and recover to three months from the time of the performance of the sub-contract or doing the work, or furnishing the material, provided, "if any delay

in filing such petition or commencing suit is caused in consequence of the amount not being due to the original contractor, the time of such delay shall not be reckoned."

The competent evidence, to say the most that can be said, and we doubt its sufficiency, only tended to show that $900 was due at the time of the giving the notice, November 12, 1892; now, as to any claim to recover out of this sum, much more than three months elapsed from the time of delivery of the brick, and this sum was due, if at all, at the time of serving the notice.

The record is wholly barren, as we learn from a perusal of the abstract, of any competent proof of the terms of the contract of building between appellee Slemmons and Teft & Son, either as to the amount Teft & Son were to receive, or when it was to be paid, except the inferential amount of $900 due about the time the notice was given, except what Teft admitted, which was not competent evidence against Slemmons. Without evidence, the jury could not presume any other amount was due from Slemmons to Teft & Son, and as to that amount the statute of limitations, as to notice in section 47, had run.

Appellant cites the case of Rudd v. Davis, 1 Hill (N. Y.), 277, and quotes from it to the effect that the "plaintiffs were not bound to do more in the first instance than prove performance by H. Geer, the contractor and principal debtor."

We judge from this that in that case the plaintiffs had proven what the terms of the contract between the original contractor and owner were, and also the performance of it. The court used the words "prove performance." The finishing the house might be far from the performance of the terms of the contract. In this State the tendency of the decision is that the sub-contractor takes the burden of proving the terms of the contract and that something was due to the contractor under it at the time of serving the notice. Kankakee Coal Co. v. Manfg. Co., 128 Ill. 627; Maaski v. Simmerching, 46 Ill. App. 531; Hunby v. Vokoun, 57 Ill. App. 194.

The point is made that appellee Slemmons promised to pay appellant the balance of his claim at the time he paid the order, and recovery can be had on such promise. We think not. In the first place, such a promise to pay the debt of another, being verbal, and without direct considera-tion moving between appellant and Slemmons, would be within the statute of frauds; and this suit is brought under a statute, Sec. 37, and the promise of Slemmons was not a joint one with Teft & Son, and could not be so treated; hence, recovery, if at all, must be had under the statute. The point that the verdict was erroneous because there could not be two different verdicts, is not well taken. The defense of appellee Slemmons was distinct from that of Teft. There was no right to recover against him except under the statute. The suit was not on a joint contract, and there might be re-covery against Teft, who was liable without reference to the mechanic's lien act. Where two are sued in assumpsit and one has a defense not good as to the other, such as minority and other like defenses, recovery can be had against the other alone. Then it was the appellant's own fault that he took judgment against Teft. If he had not desired it he should have moved to dismiss his suit as to him in the court below, without taking judgment, and then appealing.

Seeing no error in the record the judgment of the court below is affirmed.