## Louise Graves v. Helen Ahlgren.

1. Exemptions—*Wages of Laborers and Servants.*—Where a judgment is for the wages of a laborer or servant, no personal property is exempt from the levy under execution, provided the court finds that the demand sued for is for such wages, and the finding is so expressed in the record of the judgment and indorsed on the execution.

2. Waiver—*Taking a Note in Liquidation.*—The taking of a note by a laborer or servant for wages due him serves merely to liquidate the demand and not to waive the lien given by the statute.

3. Liens—*Assignment of the Note.*—The note, when taken, is only evidence of the debt, and can not be held to affect the lien; but the lien creditor must be in control of the note in order to have judgment, and is bound to produce it, or account for its non-production.

Assumpsit, for wages. Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

C. A. Surine, attorney for appellant.

Ewing, Winchester & Craig, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This was a suit by appellee, originally before a justice of the peace, to recover wages as a servant, and judgment was there rendered in her favor. This was affirmed upon appeal by the Circuit Court. The statute provides that " when the debt or judgment is for the wages of any laborer or servant," no personal property shall be exempt from the levy under the execution, provided the court shall find the demand sued for is for such wages, and the finding is so expressed in the record of the judgment and indorsed on the execution. R. S., Chap. 52, Sec. 16.

When appellee left the service of appellant, there was a balance of $150 due the former for wages as a domestic servant. For this sum she took appellant's note. The note, bearing indorsements of certain payments, was introduced in evidence. Appellant's counsel objected that inasmuch as

Graves v. Ahlgren.

the suit was not originally brought upon the note, but for the recovery of wages, the note created a new and different cause of action.    It is of course immaterial, the cause being tried *de novo* in the Circuit Court, what the evidence was before the justice.    But it is urged that the judgment can not now be successfully pleaded in bar to an action on the note; and that it was error, the note having been introduced, to render judgment for wages as a servant, thus exposing appellant's personal property to levy, without regard to exemptions.

There is no proof that the note was taken in payment of the debt for wages.    Appellee testifies that she took the note to evidence the debt; and appellant states that she did not have the money to pay appellee when the latter was ready to go, and herself suggested giving the note.    A note so given merely serves to liquidate the demand, not to waive the lien.    Paddock v. Stout, 121 Ill. 571 (579), and cases there cited.    The note, when taken, was only evidence of the debt, and can not be held to affect a lien.    Brady v. Anderson, 24 Ill. 111 (113).    But the lien creditor must be in control of the note in order to have judgment.    Bayard v. McGraw et al., 1 Ill. App. 134 (141), and is bound to produce it, or account for its non-production.    Kankakee Coal Co. v. Manufacturing Co., 128 Ill. 627 (630).

It expressly appears in the case at bar that the note in question was taken as evidence of the debt.    It is conceded the debt was for wages earned as a servant.    The debt has not been paid.    The note, by its terms overdue, was in the possession of and owned by appellee, and was introduced by her in evidence.    The debt having been reduced to judgment, the note is merged therein, and action upon it barred. The debt being for wages, judgment therefor was properly rendered.    The judgment of the Circuit Court is affirmed.