## L. C. Orrell, Defendant in Error, v. O. E. Snyder and W. O. Dicus Plaintiffs in Error.

### Gen. No. 17,242.

1. MECHANIC'S LIEN—*where owner and contractor exchange work.* Where a contractor signs a contract with the owner, a dentist, that he will take price of decorating in dental work, and the owner does not refuse to fulfil the agreement one who furnishes materials cannot obtain a money judgment against the owner under the Mechanic's Lien Act, since he is presumed to have contracted with reference to the terms of the original contract.

2. MECHANIC'S LIEN—*owner must owe contractor.* One who furnishes material to a contractor must show that money was due from the owner to the contractor before he can obtain a money judgment under the Mechanic's Lien Act.

3. JUDGMENT—*partly erroneous.* A judgment which is a unit, if erroneous as to one party, is erroneous as to all.

Error to the Municipal Court of Chicago; the HON. HENRY C. WARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 7, 1912.

A. G. DICUS, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

W. O. Dicus, one of the defendants in the court below, has sued out this writ of error to reverse a judgment obtained by L. C. Orrell, plaintiff, against said Dicus and O. E. Snyder jointly, for $61.75. It appears that Dicus is a dentist, and one of the owners of a flat building. Snyder is a contractor and was a "patient" of Dicus. Snyder proposed to Dicus to "exchange work," and on May 3, 1910, an arrangement was made between them by which Snyder was to do certain work on Dicus' flats, and a paper was signed as follows: "May 3, 1910, I, the undersigned, agree to

take the price of fixing up Dr. Dicus' flats in dental work. O. E. Snyder.'' Following this agreement, Snyder decorated and did some papering in Dicus' flats, and for that purpose he bought of the plaintiff, Orrell, for $61.75, some of the materials used. After serving notice on Dr. Dicus, Orrell brought suit against Snyder and Dicus jointly under the mechanic's lien act, to recover the amount due for the material so purchased by Snyder. Upon the trial the court held that though Snyder had agreed to take his pay ''in dental work,'' yet such a contract was not binding on plaintiff, who furnished the materials, without express notice to him. The only question here involved is whether the plaintiff was entitled, upon the facts stated, to a money judgment against the owner in view of the terms of the original contract.

Section 21 of the Mechanic's Lien Act of 1903 provides, in substance, that every person who shall furnish any materials for an original contractor shall have a lien, for the value of such materials, on the property in which such materials are used, and also, as against the contractor and his creditors, ''on the money or other considerations due or to become due from the owner under the original contract.'' Said section further provides that ''in no case, except as hereinafter provided, shall the owner be compelled to pay a greater sum for or on account of the completion of such house, building or other improvements than the price or sum stipulated in said original contract or agreement.'' The exceptions referred to in the quotation are not here involved. Section 24 provides that the party furnishing materials may serve a written notice upon the owner of the fact that something is due him, and section '28 provides that if the money claimed to be due be not paid within ten days after such notice is served, then he may sue the owner and contractor jointly to recover the amount due. Section 28 also contains the following language:

"All such judgments, where the lien is established, shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract as by this act provided, and shall recite the date from which the lien thereof attached, according to the provisions of sections 1 to 20 of this act; but this shall not preclude a judgment against the contractor, personally, where the lien is defeated."

It will be seen from these quotations that the statute recognized the fact that a contract such as was here made, may rightfully be made providing for the payment of the contract price in other considerations than money, and that the owner cannot be held liable beyond the terms of his contract; and while it is true that a stipulation in a contract to pay in goods or services becomes, *on default,* a contract to pay that sum in money (Barstow v. McLachlan, 99 Ill. 641), yet there was no showing in this case of any default on the part of the owner. For aught that appears in this record, he has always been ready, willing and able to pay the value of the materials furnished in dental work, as stipulated in the contract. There is nothing in the record to show that Dr. Dicus ever personally promised to pay the plaintiff for the materials purchased from him by Snyder, and it is, therefore, only by virtue of the Mechanic's Lien Act that a judgment could be obtained by the plaintiff against Dicus. We are of the opinion, in view of the statutory provisions quoted, that if the plaintiff expected to hold the owner it was his duty before delivering the materials to ascertain the terms of the contract between the owner and Snyder; and so far as the owner is concerned, the plaintiff must therefore be presumed to have contracted with reference to the terms of the original contract. Before he would be entitled to a money judgment against the owner, it was necessary for him to show that money was due from the owner to the original contractor. Hruby v. Vokoun, 57 Ill. App. 194;

Marski v. Simmerling, 46 Ill. App. 531. In the absence of such proof, he was not entitled to a money judgment against Dr. Dicus, although entitled to such a judgment against Snyder. The judgment, being a unit, if erroneous as to one is erroneous as to all. Claflin v. Dunne, 129 Ill. 241.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*