ANDREW J. GRIFFITH, impleaded, etc., Appellant, *v.* DANIEL FURRY, Appellee.

APPEAL FROM HANCOCK.

In the following note : "$456.75. One day after date we promise to pay Daniel Furry or order four hundred and fifty six 75-100 dollars for value received, ten per cent.," the words "ten per cent." do not mean with interest at the rate of ten per cent. per annum.

They are surplusage, and may be rejected.

There is a patent ambiguity in the note which cannot be explained by parol evidence.

in all actions *ex contractu*, the plaintiff must establish his cause of action against all of the defendants.

Our practice act which allows a recovery against a defendant who has been served with process, while others have not, does not alter the rules of evidence.

If the plaintiff has set out a joint cause of action in his declaration, he must prove it as against all the defendants. It is not sufficient to prove it only against the defendant who has been served with process.

The proof should be the same as if all the defendants had been served, before a recovery can be had against any.

SUMMONS sued out, September 23, 1861, from Hancock Circuit Court, in the usual form, against Nicholas C. Griffith, and Andrew J. Griffith, which was returned served on Andrew J. Griffith, and *non est inventus* as to Nicholas C. Leave obtained to file an amended declaration, which is in assumpsit on a promissory note, and recites as follows : "That whereas the said defendants heretofore, to wit, on the ninth day of October, A. D. 1857, at the county aforesaid, made their certain promissory note in writing of that date, and then and there delivered the same to the said plaintiff, in and by which said note said defendants, by the name, style and description of N. C. Griffith and A. J. Griffith, promised to pay to the order of said plaintiff, one day after date, the sum of four hundred and fifty-six and 75-100 dollars, ten per cent., (meaning thereby interest at the rate of ten per cent. per annum), value received ;" and concludes with the common counts, for money lent, money had and received for use of plaintiff, for interest, for goods sold, for goods sold and delivered, and on account stated; and breach in usual form. Gives copy of the note and accounts sued on.

On the 7th March, 1862, the appellant filed his plea of the general issue, to said declaration, upon which issue was joined, and moved the court for a continuance, which was refused. The parties then waived a trial by jury, and submitted the issues to the court, who found for the plaintiff, and assessed his damages at $577.

Appellant moved for new trial; motion overruled, and judgment rendered against appellant on the finding, and appellant prayed an appeal, which was granted, on his giving bond.

Bill of exceptions signed, sealed and filed, which gives the following copy of the note offered in evidence :

"$456.75.   One day after date we promise to pay Daniel Furry or order four hundred and fifty-six and 75-100 dollars for value received, ten per cent.

N. C. GRIFFITH.<br>A. J. GRIFFITH."

Appellant objected to this note being read, on the ground of a variance from its description in the special count, and the court sustained the objection. Appellee then proved the handwriting of A. J. Griffith to the note, and again offered the note under all the counts of his declaration. Appellant again objected to its being read, on the ground that it was variant from the note described in the special count, and was not admissible under the common counts without proof of the execution of the note by both defendants. Objection overruled, and note read. Appellant at the time excepted to the ruling of the court and moved for a new trial, which motion was overruled ; to which ruling of the court the appellant at the time excepted.

April 5, 1862, appellant perfected his appeal by filing his appeal bond, in accordance with the order of the court allowing the appeal.

The errors assigned are :

The court erred in overruling motion for a continuance.

The court erred in permitting the appellee to read his note in evidence.

The court erred in overruling motion for new trial.

Scofield & Manier, for Appellant.

I.   There is a variance between the note described in the declaration, and the one offered in evidence. The note was not given *in haec verba*, leaving the court to judge of its legal import, but was attempted to be given according to its legal tenor and effect. The words " ten per cent." cannot be construed to mean " with interest at the rate of ten per cent. per annum," any more than the words "fifty " indorsed on a note, will be held to mean " fifty dollars." 12 Ill. 355.

II. When offered under the common counts, the common law rule will prevail, which requires proof of the execution of the note by all the defendants. The plaintiff, in an action *ex contractu*, must recover against all the defendants, or he fails. The statute (Scates, Treat and Blackwell's edition, p. 242, sec. 6,) authorizing the plaintiff, when only part of the defendants are served, to "proceed to trial and judgment in the same manner as if all the defendants were in court," does not change either the rules of pleading or evidence.

MACK & DRAPER, or Appellee.

I. Sec. 6, page 821, Purple's Illinois Statutes, allows the plaintiff to take judgment against one defendant when the others are not found, with a *sci. fa.* for those not found.

There was but one on trial, and it was not necessary to prove that the other signed the note until the case came on to be tried as to him on the *sci. fa.*

II. The bill of exceptions in the case does not purport to give all the evidence, and the court will presume that the Circuit Court decided correctly, if other evidence might have been given to support the declaration. *Holmes* v. *Sinclair*, 19 Ill. 73; *Rogers* v. *Hall*, 3 Scam. 6; *The Trustees of Elizabethtown* v. *Lefler*, 23 Ill. 90; *Warner* v. *Carlton*, 22 Ill. 423; *Miller* v. *Mitzger*, 16 Ill. 390.

WALKER, J. The note sued upon was excluded under the special count, because of a variance. Its execution by the defendant served with process, was proved, and it was read in evidence, under the common counts, to which exceptions were taken. Judgment was rendered in favor of the plaintiff, from which defendant appeals, and assigns for error the admission of the note in evidence, without proof of its execution by both defendants.

The note was properly rejected, under the special count. It described a note, drawing ten per cent. interest, whilst that produced and offered in evidence drew but six. The addition of the words "ten per cent." at the end of the note, are in their connection without any meaning. They are added

after the note is complete in all of its parts. Nor can it be determined whether they were added as a mark of designation, or that the note was given for a tenth part of an entire sum, or for ten per cent. which had accrued upon some other debt, or that ten per cent. interest had been added into this note for the period it had to run. Or, it may be that the parties had designed this note to draw ten per cent. interest, and after writing thus far, have changed their agreement, and omitted to erase these words. We may as readily infer one as another of these suppositions, unless we could resort to extrinsic evidence, which is not admissible.

It is a patent ambiguity, and as such is not capable of explanation, and to admit parol evidence would vary or alter a written contract already complete and definite. This ambiguity appears in the note, and it affords no explanation. It must therefore be rejected as surplusage, and as having no meaning.

As to the other question it may be said, that it is a rule of universal application, that at the common law, the plaintiff in all actions *ex contractu*, must, to recover, establish his cause of action against all of the defendants. If the proof fails to show all liable, on the contract described in the pleadings, he must fail to recover. The rule in actions for torts, is different. If the rules of evidence are not changed by our practice act, which allows a recovery against a defendant served with process, whilst others are not, then the note was improperly admitted. The statute does not seem to contemplate any change in the rules of evidence, but simply to authorize a recovery against such defendants as were served. The defendants are jointly sued, a joint cause of action is described, and no reason is perceived why the *allegata* and *probata* should not correspond, as though both defendants had been served.

This enactment does not authorize a plaintiff to sever the defendants on a joint liability, but only permits a several recovery, on a failure to procure service on all of the defendants. The proof should be the same as if all were served, before a recovery can be had against any of the defendants. The

plaintiff, to recover, must make out his cause of action as laid in his declaration. If it were not so, the plaintiff might recover on a several claim, against the defendant upon whom there is service, as well as upon the joint claim, and might then by *scire facias* make the other defendant a party to the judgment, if not in whole, at least in part. If only in part, it would present the anomaly of a judgment partly joint and partly several. If he could be made a party to the entire judgment, then he would become liable for his co-defendant's separate liability. If such a judgment were recovered, and was not altogether joint, it would violate the practice requiring all judgments to be a unit. The legislature could not have designed such a change in the practice. The execution of the note not having been properly proved, it was improperly received in evidence, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*