E. L. DAVISON ET AL.

v.

THOMAS A. HILL.

1. PARTIES—MISJOINDER—WHEN NOT TO BE PLEADED.—To recover in actions *ex contractu*, a cause of action must be established against all the defendants, or there can be no recovery against any. A plea verified by affidavit under the 36th section of the Practice Act, denying joint liability, is unnecessary where it affirmatively appears from the plaintiff's testimony that parties are made defendants against whom no cause of action is made out.

2. CONTRACT—RESCISSION—RECOVERY OF MONEY PAID.—Where it appears that the vendor, under a contract to sell real estate, is not in default, the vendee cannot rescind the contract of purchase, and recover back the money paid thereon, unless he first place himself in a position to demand of the vendor a compliance with the terms of the contract on his part, and the vendor refuses.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. F. W. S. BRAWLEY, for appellants; upon the question of rescission, cited Addison on Con. 32; Welch v. Dutton, 79 Ill. 465; Bostwick v. Williams, 36 Ill. 65; Wheeler v. Mather, 56 Ill. 241; Weintz v. Hafner, 78 Ill. 27; Selby v. Hutchinson, 4 Gilm. 319; Ehrensperger v. Anderson, 3 W. Hurls. & Gor. 158; Hungate v. Rankin, 20 Ill. 639; Hough v. Rawson, 17 Ill. 588; Addison on Con. 916; 2 Par. on Con. 676; Gerrish v. Maher, 70 Ill. 470; Dart's Vendors and Purchasers, 71; Lord v. Stephens, 1 Young & Coll. 222; Kime v. Kime, 41 Ill. 397.

As to misjoinder of parties, 1 Chit. Pl. 353; Story on Agency, § 263; Wharton on Agency, § 517; Addison on Con. 35; Bamford v. Shuttleworth, 11 A. & E. 926; Horsfall v. Handley, 8 Taunt. 136; Colvin v. Holbrook, 2 Comstock, 126; Wells v. Reynolds, 3 Scam. 191; Griffith v. Furry, 30 Ill. 251; McLean v. Griswold, 22 Ill. 218; Goit v. Joyce, 61 Ill. 489; Archbold's Civil Pl. 71.

Mr. J. C. SCOVEL, for appellee.

Davison et al. v. Hill.

Murphy, J.—This is an action of assumpsit upon the common counts, brought by the purchaser of real estate, to recover back money which he had paid the vendor, and the case was this: On the 29th day of March, 1873, the following agreement, in writing, was made and entered into between E. L. Davison, by Kerr, Welch & Davison, his agents, and Thomas A. Hill, appellee:

" Memorandum of an agreement entered into this day, between E. L. Davison, of Washington county, Kentucky, and Thomas A. Hill, of the city of Chicago, Illinois, is as follows:

Said Davison hereby agrees to sell and convey, by deed of general warranty, the northwest quarter of section twenty (20), in township thirty-eight (38), north of range thirteen (13), east of third (3d) p. m., in Cook county, Illinois, for the sum of thirty-two thousand dollars ($32,000), to be paid as follows: Five hundred dollars in hand to bind this contract; seven thousand five hundred dollars twenty days from this date; to assume an incumbrance now on said premises of fifteen thousand dollars, evidenced by trust deeds or mortgages; two thousand dollars October 1st, 1873, with ten per cent. interest, and the balance in one, two and three years from this date, with eight per cent. interest, payable annually. Said Davison agrees to furnish abstract for examination, and if it shows a satisfactory title to said Hill, then he, the said Hill, hereby agrees to pay the above-mentioned sum of money, seven thousand five hundred dollars, and execute his notes and trust deeds for the deferred payments; but if the title should not prove good, then the five hundred dollars now paid shall be returned to said Hill; but if said title proves good, then said Hill shall forfeit said five hundred dollars, as damages, unless he carries out the provisions of this contract. It is further agreed, that if said Hill should elect to take the following terms instead of the foregoing, he shall have the privilege so to do: to pay nine thousand five hundred dollars in twenty days, as same as before stated, and give his notes and trust deeds, payable in sixteen, twenty-four and thirty-six months from this date.

It is further agreed, that the abstract shall be brought down to date; also, that part of the abstract that is placed with the

loan of eight thousand dollars ($8,000), shall be returned to Fourth National Bank after the examination, but the continuance from August 6th, 1872, to date, shall be given to said Hill.

In witness whereof, the parties hereunto set their hands and seals, this 29th day of March, 1873.

<blockquote>
E. L. DAVISON, [SEAL.]

By Kerr, Davison & Welch, Agents, [SEAL.]

THOS. A. HILL, [SEAL.] "
</blockquote>

To recover back the $500.00 mentioned in the foregoing agreement, as having been paid to "bind the contract," was the object of this suit in the court below, upon the claim or assumption of the appellee, that he had rescinded said contract, as under the circumstances of the case he lawfully might do. In that court the parties waived a jury, and the cause was tried by the court, which resulted in a judgment in favor of the appellee for $500.00, to reverse which this appeal is prosecuted.

The first and second assignment of errors present substantially the same questions that, under the evidence submitted at the trial, the judgment should have been for the appellants.

Under the view taken of the case by the court, the consideration of the 3d and 4th assignment of errors will be unnecessary.

In support of these alleged errors, it is insisted by the appellants that there is a misjoinder of parties defendants, which is fatal to the action. By the contract put in evidence by the appellee, it will be seen that it purports in express terms to be a contract between E. L. Davison of the one part, and Thomas A. Hill of the other, Davison's name being signed thereto "by Kerr, Davison & Welch, his agents"; and still we find these agents made defendants to the suit along with E. L. Davison, and upon the written contract thus executed, as the only evidence in the record of any contract between the parties, judgment is rendered against them in the court below. This, we think, was error.

It is an elementary principle of procedure that the proofs and allegations must always agree, and that to recover in actions *ex contractu*, a cause of action must be established against all the defendants or there can be no recovery against any. This is a doctrine taught by all the text writers who treat of the subject, and seems to be followed by all the adjudicated

cases to which we have been referred: Wells v. Reynolds, 3 Scammon, 191; Griffith v. Furry, 30 Ill. 251; McLean v. Griswold, 22 Ill. 219. The latest case in our own court seems to be the case of Goit v. Joyce, 61 Ill. 489, all holding that to recover against any one of the defendants, a cause of action must be averred and proved against all of them. But it is claimed by the appellee, that by section 36 of the Practice Act of our statute, in force July 1st, 1872, the rule of the common law in this regard has been changed, and that unless in actions · against two or more defendants, they file a plea, verified by affidavit, denying the joint liability, judgment must go against all, if any, notwithstanding the plaintiff's own evidence discloses the fact, in the first instance, that certain of the defendants are not liable at all.

We think the statute sufficiently radical in its innovations upon well established principles, without according to it so broad a scope as that; and are of opinion that where it appears, as in this case from the plaintiff's testimony, that parties are made defendants against whom it affirmatively appears that there is no cause of action made out, then no such plea is necessary from the defendants to enable them to avail themselves of the misjoinder at the trial, and that in such case the statute has no application.

The remaining question is whether appellant was so in default as to authorize the appellee to rescind the contract and recover back the money paid thereon.

We think not. From the facts as shown by this record, it will be observed that there is no time expressly fixed by the contract within which Davison was to convey the land; but twenty days being fixed for the payment of $7,500 on the purchase price by Hill, at which time he was to assume certain encumbrances then on the property, to the amount of $15,000, and secure the balance of the price on the premises by mortgage, we infer that the intention of the parties was that the conveyance should be then made, if the title was found good.

From the evidence, it appears that on the nineteenth or twentieth day from the date of the contract, the appellee handed L. A. Davison, the agent of E. L. Davison, the opinion of his

(Hill's) attorneys, noting that the title of E. L. Davison to the land was good, subject to certain encumbrances, to wit : the release of two mortgages, defective, as they claimed, two trust deeds, both of which, by the terms of the contract, Hill was to assume and pay, and that, if living, Mrs. Jared Arnold might have right of dower. The agent, L. A. Davison, testified that at that time he had in his possession releases of the mortgages, perfectly executed. He also testifies that he showed them to Hill, and asked him (Hill) to whom he would have the deed made; that Hill replied to him that he did not want the land at all. Appellee did not make the point of objection that Mrs. Arnold might have dower in the property; if he had, appellant might have promptly removed the objection, to his (Hill's) entire satisfaction: Bostwick v. Williams, 36 Ill. 65; but, on the contrary, informed the agent of the appellant, E. L. Davison, "that he did not want the land at all," and tendered a quit-claim deed, re-conveying to E. L. Davison any rights he might have acquired under the contract. We think, to rescind the contract, he should, at least, have been able and willing to pay the $7,500, and offered in good faith to do so, and demanded from Davison a deed of the premises, which, if he had then declined to give, he (Hill) might have rescinded the contract; but as it was, we think he was not in condition to enable him to do so, and as a consequence, could have no recovery of the money paid. The learned judge who presided at the trial below, took a different view, and held the contract rescinded, which we think was error. For these reasons the judgment of the court below is reversed, and cause remanded.

Judgment reversed.