The Cairo and St. Louis Railroad Company *et al.*

*v.*

Philip Easterly, Admr.

1. Bill of exceptions—*to preserve affidavit for new trial.* If a party wishes to rely on affidavits used in support of a motion for a new trial, in this court, he must preserve them in the bill of exceptions, and thus make them a part of the record.

2. Practice—*production of papers.* A motion to require the plaintiff to produce a paper containing the dates when work was done by him, etc., is properly denied, when it is not made to appear that reasonable notice to produce the same had been given.

3. Judgment—*when it must be against all the defendants.* Where an action *ex contractu* is brought against several, a joint cause of action against all must be alleged and proved on the trial, and it is error to render judgment against all where the proof does not show a joint liability. It seems, in such case the plaintiff may amend his declaration by dismissing as to the defendants not shown to be jointly liable.

Writ of Error to the Circuit Court of Jackson county; the Hon. Monroe C. Crawford, Judge, presiding.

Mr. W. S. Searls, and Mr. L. P. Butler, for the plaintiffs in error.

Messrs. Mayham & Hill, for the defendant in error.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by Jeremiah Callahan against the Cairo and St. Louis Railroad Company, and Henry R. Payson and Fred. E. Canda, partners, doing business under the firm name of H. R. Payson & Co.

In the declaration it is, in substance, averred, that on the first day of June, 1874, the Cairo and St. Louis Railroad Company, a body corporate, and Henry R. Payson and Fred. E. Canda, the defendants, became indebted to the plaintiff in the sum of $2000, for labor and services, for goods, wares and

merchandise bargained and sold to defendants, at their request, for work and services done and materials furnished by plaintiff for defendants, for money laid out and expended by plaintiff for defendants, at their request, and for money due on an account stated between plaintiff and defendants. The declaration also alleged a promise to pay by the defendants, and the usual breach. Payson and Canda failed to plead, and a default was entered as to them. The Cairo and St. Louis Railroad Company pleaded to the declaration, and upon a trial judgment was rendered against all of the defendants for $840.11, the amount claimed to be due by plaintiff.

All the defendants join in the prosecution of this writ of error, and as we understand the argument, three grounds of reversal are relied upon: First, for the reason the court overruled a motion for a new trial; second, on the ground the court refused to rule plaintiff's attorney to produce on the trial a certain account, which showed the dates when plaintiff performed the labor sued for; third, for the reason a joint judgment was rendered against all the defendants, when the evidence fails to show any liability on the part of Payson and Canda.

The application for a new trial was based upon certain affidavits, filed with the motion, by which the defendants undertake to establish that the judgment was obtained by the false testimony and perjury of the plaintiff, and the consequent surprise of the defendant The Cairo and St. Louis Railroad Company.

We shall not undertake to pass upon the sufficiency of the affidavits, as they are no part of the record, and are not properly before us. If the counsel for defendant desired to rely upon the affidavits, he should have preserved them in the bill of exceptions. In this way they would properly have been brought before the court; but where an affidavit is filed with the papers in a case during the progress of a trial, it does not become a part of the record unless incorporated in a bill of exceptions, and on appeal or error it can not be considered.

In regard to the ruling of the court on the application to produce the paper containing the dates when the labor was performed, it does not appear that reasonable notice was given to produce it, and for this reason the court, no doubt, and properly too, denied the motion.

The other point relied upon by the plaintiffs in error, however, we regard well taken. The action was brought against the Cairo and St. Louis Railroad Company and H. R. Payson & Co., upon an alleged joint liability, and the record does not contain a particle of testimony even tending to show any liability on the part of the defendants composing the firm of Payson & Co., or either of them. Chitty on Pleading, vol. 1, page 44, says: " In an action *ex contractu* against several, it must appear, on the face of the pleadings, that their contract was joint, and that fact must also be proved on the trial. If too many persons be made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error ; and even if the objection do not appear upon the pleadings, the plaintiff may be non-suited upon the trial, if he fail in proving a joint contract." In *Griffith* v. *Furry*, 30 Ill. 251, it was held to be a rule of universal application at common law, in actions *ex contractu*, that in order to recover, the plaintiff must establish his cause of action against all the defendants sued, and if the proof failed to show all liable on the contract described in the pleadings, a recovery could not be had. To the same effect is *Briggs* v. *Adams*, 31 Ill. 486, and *Faulk* v. *Kellums*, 54 id. 188.

*Goit et al.* v. *Joyce et al.* 61 Ill. 489, is a case in all respects analogous to the one under consideration. There, a joint action was brought against two persons, and the evidence only showed one liable, but the court rendered judgment against the two, which was held to be error. It is, doubtless, true, under our present statute the plaintiff might have amended his declaration, and dismissed as to the defendants Payson and Canda, and, under the evidence, recovered against the

Cairo and St. Louis Railroad Company, but that course was not pursued.

As the evidence, therefore, fails entirely to show any cause of action against Payson and Canda, the judgment was erroneous, and must be reversed. The plaintiff will have leave to amend his declaration, if he sees proper.

*Judgment reversed.*