PATRICK L. TOUHY ET AL.

V.

HENRY P. DALY.

*Real Property—Sale—Action for Commissions—Husband and Wife— Joint Liability—General Issue—Burden of Proof—Instructions.*

In an action to charge two defendants, husband and wife, jointly for commissions on the sale of certain real estate, it is *held:* That the plea of the general issue relieved the plaintiff from the burden of proving the joint liability of the defendants in the first instance; and that the evidence on the part of the defendants fails to disprove joint liability.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. C. H. & C. B. WOOD, for appellants.

There is nothing to connect Catharine C. Touhy in any way with any agreement to pay commissions to appellee.

The only count in the declaration touching the case is the common count for services against the defendants jointly.

Of course, it is settled law that in actions *ex contractu,* the plaintiff, in order to recover, must establish a cause of action against all the defendants. Rosenberg v. Barrett, 2 Ill. App. 386; Davison v. Hill, 1 Id. 70; Garland v. Pecney, 1 Id. 108.

Judgment against two on a contract, without proof as to one, will be reversed. C., B. & Q. R. R. Co. v. Coleman, 18 Ill. 297; Jansen v. Varnum, 89 Ill. 100.

This contract was made by Mr. Touhy. It binds him by its terms, but it does not undertake or even purport to bind Mrs. Touhy, who was the owner of the property, to do anything, not even to sell.

As it is not the contract of Mrs. Touhy, it would seem almost superfluous to discuss the question whether Mr. Touhy was her agent, or whether the contract was ever ratified by

her. So far as any agency may be implied, however, it was distinctly repudiated by her as soon as the contract was brought to her attention.

Appellee does not claim that he ever made any contract with Mrs. Touhy in regard to a sale of the property or as to commissions. When he was distinctly notified that the contract was repudiated, he did not see Mrs. Touhy. What Mr. Touhy said about his authority is no evidence that he was her agent. Whiteside v. Margarel, 51 Ill. 507. And an agency by implication will not bind the principal if he repudiates it. Bertholf v. Quinlan, 68 Ill. 297.

Messrs. Mason, Ennis & Bates, for appellee.

Gary, J. The ill-natured and vituperative brief on behalf of the appellee, excites suspicion that he is on the wrong side of this case; nevertheless, it is the duty of the court to examine it on its merits. His claim is for commissions upon a sale of real estate at Rogers Park, negotiated, as he alleges, as agent for appellants. They were husband and wife. The property was hers by inheritance.

The declaration contained the common count in assumpsit for work, and the only plea was the general issue. Under the plea the appellee was relieved from the burden of proving the joint liability of the appellants, but they were at liberty to disprove it. Bensley et al. v. Brockway, *ante*, p. 410, where this subject is considered at length.

That the sale was negotiated by appellee and consummated at a lawyer's office, where the parties to this suit and the purchaser were all present, clearly appears from the evidence. What papers were then executed is left, by the evidence, to inference. In the ordinary course of business there would have been a deed signed by both appellants, as the evidence shows that the purchase money was then paid. It also is clear that appellee was employed in the business by conversations between himself and the husband. The terms of that employment, as to what should be the commissions, are disputed, but the verdict, upon conflicting evidence, is final.

The appellants insist that there was no· joint liability, and argue the case as if the appellee was required to prove it, instead of the burden being upon them to disprove it, and procured an instruction to the jury that, " a case must be made out against both defendants, or else there can be no recovery against either," which was more than they were entitled to; for it was not necessary to a recovery that the proof should show a joint liability, but only that it should not show the contrary; yet if, on the whole case, it does appear that they were not jointly liable, the judgment must be reversed. Davison v. Hill, 1 Ill. App. 70; Garland v. Peeney, 1 Ill. App. 108.

In addition to the fact that both appellants were present at, and, it is reasonable to infer, joined in, the consummation of the sale, the husband testifies:

"The negotiation for the sale of this sixteen acres commenced in this way: In the fore part of the year 1886, Mr. Daly's son came to the house one morning with a letter, saying that his father would like to see me on some business, and I went to see him that evening, but he was not at home. The following morning I got up rather early and went to Mr. Daly's house, and he asked me if the property was for sale ; I said yes, and he asked me what were the terms. Well, I said we offered it at one time at not less than $1,200, but I would go back and see, if he got the right sort of a person, if I could sell it to him for less. ' Well,' he says, ' let me know; I have a customer that wants to buy the property if it is reasonable.' ' Well, I don't think,' says I, ' that we would give it for less than $1,200; that is the price it was offered at two years, and we had no offers since;' and then I spoke to my wife, and I said : ' We are carrying too much property, and perhaps it would be well to let it go at a reasonable figure,' and I thought that would be $1,000 cash. I went to Mr. Daly afterward, and told him that Mrs. Touhy said it must be cash, $1,000, but if you want anything out of it you will have to charge; she will not sell at less than $1,000; you can sell it at $1,100, $1,200, as you please."

Again he says : " I own an equity in property in Rogers Park. I have what they call first equities." When the pur-

chase money was paid, it was first handed to the wife, who passed it to the husband, and he put it in his pocket. And she testifies: "I never told Mr. Daly anything myself about the thing. I don't remember whether I sent any word to Mr. Daly by my husband about this matter."

There was a preliminary contract in writing for the sale, executed by the husband as agent for the wife, June 6, 1886, and the consummation of the sale was July 20, 1886.

There was a good deal of evidence of her dissent to what her husband had done, and of great difficulty in inducing her to complete the sale, but she finally did it upon the original terms.

The whole case is consistent with the hypothesis that the appellants did, between themselves, regard the property which was the subject of the sale, as property in which they had a common interest, though the ownership was hers; that whatever was to be done about it, was the subject of mutual consultation, and when agreed upon, was to be done by him for their common benefit, on her behalf and his own. In this aspect of the case, he stood, with reference to her and the property, very much in the same relation that a partner occupies, except that he could not act independently. And if this hypothesis may be true consistently with the evidence, and being true, makes the appellants jointly liable, then, under the statute, it must be taken as true, because the burden was upon the appellants to prove the negative of joint liability. This view takes out of the case all questions except what was the bargain as to commissions, and, as before said, that the jury have settled.

The judgment will be affirmed.

*Judgment affirmed.*