## Alday v. Kenworthy.

1. *Practice—Affidavits—Bill of Exception.*—If a party desires to have affidavits read on the hearing of a motion made a part of the record, he must preserve them in a bill of exceptions.

**Memorandum.**—Appeal from the County Court of Rock Island County; the Hon. LUCIAN ADAMS, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

CARL KUEHL, attorney for appellant.

J. T. KENWORTHY, *pro se.*

OPINION OF THE COURT, CARTWRIGHT, J.

This case is brought here to review the action of the County Court in overruling a motion made by appellant to set aside the verdict and grant a new trial, and in entering judgment on the verdict.

The record shows that appellee brought the suit, that appellant appeared and filed a plea of the general issue, that the cause was set for trial on Friday afternoon, November 25, 1892, at 2 o'clock, by order of the court in pursuance of the agreement of the parties, and that on that day appellant not appearing, a jury was impaneled and a verdict returned for appellee for $251.32.

Afterward, on November 29, 1892, a motion was entered by appellant to set aside said verdict and for a new trial.

The motion was overruled and judgment entered.

The bill of exceptions merely recites the making and overruling of the motion, and contains no affidavit or other proof in its support. The clerk of the court has copied into the transcript of the record affidavits of appellant and his attorney, stating that the proceedings on November 25th were in violation of an agreement made by appellee; that appellant's attorney was sick and unable to attend on that

date, and that appellant could not reach the court house on account of the electric cars being stopped by bad weather; and also an affidavit of John H. Mueller, that he telephoned the fact of the attorney's illness to the clerk of the court. These affidavits were improperly copied into the transcript. Roberts v. Fahs, 36 Ill. 268. If appellant intended to have the affidavits made a part of the record, he should have preserved them in the bill of exceptions. That is the only method by which it could be done. Phillips v. People, 88 Ill. 160; C. & St. L. R. R. Co. v. Easterly, 89 Ill. 156; Earll v. People, 73 Ill. 329.

The affidavits copied into the transcript can have no influence in determining the case, and no reason appearing in the record why the action of the court was not right, the judgment will be affirmed. .