THE M. W. POWELL COMPANY

*v.*

JOSEPH M. FINN *et al.*

*Opinion filed October 25, 1902.*

1. ACTIONS AND DEFENSES—*what must appear in an action against several as joint obligors.* Under section 35 of the Pratice act, and the common law, in an action against several as partners or joint obligors, if the joint liability is denied by part of the defendants by verified plea the burden is upon the plaintiff to show the joint liability of all the defendants, including those who failed to file pleas, unless he amends and dismisses the suit as to such defendants as are not shown to be jointly liable with the others.

2. SAME—*the evidence must show joint liability, even in absence of plea.* In an action against several as joint obligors the evidence must show joint liability of all the defendants to entitle the plaintiff to judgment, even in the absence of a plea denying joint liability.

*M. W. Powell Co.* v. *Finn,* 101 Ill. App. 512, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellant.

STEIN & PLATT, and KRAUS, ALSCHULER & HOLDEN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The M. W. Powell Company, a corporation, brought this action of assumpsit in the superior court of Cook county against thirty-one defendants, Joseph M. Finn and others, as the LaGrange Land and Improvement Association, to recover $4582.02, with interest, for material furnished and labor performed in the construction of a certain sidewalk. On the conclusion of plaintiff's testimony the trial court directed a verdict for the de-

fendants and entered judgment against the plaintiff for costs. The Appellate Court affirmed that judgment, and the plaintiff brings this appeal.

The grounds of reversal urged here are the same as those insisted upon in the Appellate Court: First and mainly, "the court erred in peremptorily instructing the jury to find for the defendants;" and second, "the court erred in not allowing in evidence that portion of the deposition of the witness Seymour H. Levy wherein he stated that money was paid into the association for certain of the subscribers."

The declaration, as amended, consists of two special counts upon a written contract, charging the defendants with joint liability thereon, and the common counts. To this declaration some of the defendants filed pleas of the general issue and special pleas denying joint liability, verified by affidavit. Others were defaulted, either for want of appearance or because they failed to file pleas.

The theory of the plaintiff's case is, that the defendants were members of a voluntary association under the name of "The LaGrange Land and Improvement Association," and that they are jointly liable in this action as partners. Of course, to make them so liable it was necessary that the plaintiff should prove that they were each members of the association,—in other words, to prove the partnership and also that each of the defendants was a member of the firm. Whether the proof tended to establish the fact of the existence of the partnership it is not necessary to decide. There is an absence of proof that a part of the defendants were members of the association. Section 35 of the Practice act (Hurd's Stat. 1899, p. 1288,) provides: "In actions upon contracts, expressed or implied, against two or more defendants, as partners or joint obligors or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants, or their christian or surnames, shall not, in

the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, *or unless the defendant shall file a plea in bar denying the partnership or joint liability or the execution of the instrument sued upon verified by affidavit.*"

We have frequently held that under the common law and this statute, where the joint liability is denied by a part of the defendants, the burden of proof, by a plea verified by affidavit, is upon the plaintiff to show the joint liability of all the defendants, including those who failed to file pleas, unless he shall amend his declaration and dismiss the suit as to such of the defendants as are not shown to be jointly liable with the others. (*Griffith* v. *Furry,* 30 Ill. 251; *Yocum* v. *Benson,* 45 id. 435; *Supreme Lodge Ancient Order United Workmen* v. *Zuhlke,* 129 id. 298; *Kingsland* v. *Koeppe,* 137 id. 344; *Cassady* v. *Trustees of Schools,* 105 id. 560.) It is also well settled that, even in the absence of a plea denying joint liability, the evidence must show such liability as to all of the defendants in order to entitle the plaintiff to a judgment. (*Supreme Lodge* v. *Zuhlke, supra,* and cases cited.) Authorities cited by counsel for appellant in support of the conclusion that it is only necessary for the plaintiff to prove actual connection with the partnership by the defendants who file pleas denying joint liability are not in point. The statute in force when those cases were decided was materially different from section 35, *supra,* and the question here involved was not decided, as appears from *Davis* v. *Scarritt,* 17 Ill. 202.

The articles of association offered in evidence by the plaintiff provide for a president, secretary and treasurer and a board of directors, and that certificates of stock shall be issued to the members of the association and those who might thereafter become members, according to their interests. The capital stock was $100,000, divided into shares of $5 each. All power and authority in the management and control of the affairs of the as-

sociation were vested in the board of directors, including the power to make contracts for improvements, work, material, services, and for other purposes authorized by the articles, and to create liabilities for the association, with the limitation "that no action on the part of the directors shall be taken which will create any personal liability on the shareholders." The by-laws of the association make the president general manager, and provide that he shall let all contracts of any kind, "*after first receiving the consent from the board of directors.*" There is in this case no evidence tending to prove that the board of directors at any time consented to the making of the contract. The articles of association were entered into January 3, 1893, at which time, at most, but twenty-three of the defendants were members. The contract sued upon was made some six months thereafter, June 16, which was signed by the president and secretary of the association, as we have said, without the consent of the board of directors. The evidence affirmatively shows that three of the defendants, Pfanschmidt, W. H. Pearce and D. R. Wilkie, did not become members of the association until in the months of August and September following the making of the contract. They were not, therefore, partners when the contract was made, and it cannot be seriously contended that they were liable jointly with the other defendants upon a contract made prior to their becoming members of the firm. We are also inclined to agree with the Appellate Court that there is no competent evidence tending to show that these three defendants at any time became members of the association. The trial court properly directed the jury to return a verdict for the defendants.

From what we have said the second assignment of error becomes unimportant. The error, if any, is not specifically pointed out in the brief and argument of counsel for the appellant. Had the testimony been admitted, it would have still left the record wholly with-

out evidence that a part of the defendants were in any way liable upon the contract.

The opinion of the Appellate Court correctly disposes of all the questions raised upon the record, and its judgment will be affirmed.    *Judgment affirmed.*