## John Heidelmeier, Appellee, v. Helena Hecht, Appellant.

### Gen. No. 14,195.

1. PRACTICE—*proof required in assumpsit against joint debtors in absence of plea denying joint liability.* Notwithstanding no plea denying joint liability is interposed in an action of assumpsit, yet there can be no recovery by the plaintiff unless the evidence shows the joint liability of all the defendants to the action.

2. ASSUMPSIT—*when joint liability does not appear. Held,* that the evidence in this case did not show joint liability by the several defendants joined in the action.

BAKER, J., dissenting.

Heidelmeier v. Hecht, 145 App. 116.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed December 4, 1908.

A. G. DICUS, for appellant.

TODD & MORRISON, for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Heidelmeier, appellee, brought this action of assumpsit in the Municipal Court against Sigmund Hecht and Helena Hecht, husband and wife. The action is for services rendered by Heidelmeier in procuring a purchaser for certain real estate. The common counts and a joint plea of general issue constitute the pleadings. The case was heard by the court without a jury. The issues were found for the plaintiff and a judgment rendered against both defendants for $1,435.28. From that judgment Mrs. Helena Hecht prosecutes this appeal.

Heidelmeier, an art glass manufacturer, testified that he had known the Hechts for fifteen or eighteen years and had done all the glass work on the premises in question. About a year after that work was done Hecht by telephone requested Heidelmeier to call at Hecht's office. When Heidelmeier called there Hecht said he had heard Heidelmeier knew someone who desired to buy the property in question, adding: "You know that is the property where you furnished all the glass work for me—on my building on Evanston avenue." Heidelmeier, among other things, then replied: "Mr Hecht, I am not in the real estate business; I am in the glass business;. I would like to get that in writing; in black and white that you will give me $1,500 if I sell the building, and I will try and sell it". An agreement in writing was then made which in so far as material is as follows:

"Chicago, Feb. 4, 1907.

Mr. John Heidelmeier:

Dear Sir:—

If you will sell or close a trade for building  *  *  *,
I will pay you fifteen hundred dollars commission
($1500) as soon as said sale or trade is completed by
you.

Yours truly,

Sigmund Hecht".

Through the procurement of Heidelmeier a trade
or exchange was made.

It appears that Mrs. Hecht owned the property and
that Mr. Hecht attended to the renting thereof. So
far as we can see from the record there was no com-
munication between Heidelmeier and Mrs. Hecht in
respect to this matter. The contract of exchange
made was signed "Helena Hecht by Sigmund Hecht,
Sigmund Hecht", and in pursuance thereof a deed was
subsequently executed by Mr. and Mrs. Hecht.

This action of assumpsit against Sigmund Hecht
and Helena Hecht, jointly, is predicated upon that
writing, the performance by Heidelmeier, the fact of
ownership of the property by Helena Hecht and the
making and carrying out of the contract as stated. In
such an action as this the law is the same whether two
persons made joint defendants be husband and wife
or not, so far as the necessity for proving a joint lia-
bility is concerned. By the mere joining of a person
as a party defendant a plaintiff cannot create a lia-
bility which does not otherwise exist. Express as-
sumpsit is an undertaking made orally, by writing not
under seal, or by matter of record, to perform an act
or to pay a sum of money to another. There is here
no pretense of an express joint promise by Mrs. Hecht.
Implied assumpsit is an undertaking presumed in law
to have been made by a party from his conduct,
although he has not made any express promise. Such
an undertaking is never implied where the party has
made an express promise. Here Sigmund Hecht has

made an express promise. Futhermore, his express promise is inconsistent with the theory of a joint obligation. The law sometimes presumes promises for parties where their acts and conduct justify the presumption, but it never creates promises for parties in square conflict with their acts or conduct. We find no evidence in the record of a joint undertaking on the part of Sigmund Hecht and Helena Hecht. If any question of an undisclosed principal exists in this case we do not wish to be understood as expressing any opinion thereupon.

No plea in abatement was filed, nor did Helena Hecht file any plea in bar denying joint liability. Hence it is contended she cannot be heard to deny joint liability and reliance is placed upon section 35 of the Practice Act to sustain this contention. That section provides that in actions against two or more defendants as partners, joint obligors or payors, proof of joint liability shall not *in the first instance* be required. Were the question an open one we could not take away the effect of the incorporation of those words "in the first instance" in the statute and read it as if those words were not there. Those words are words of restriction and limitation upon what would be the effect of the statute if those words were not there.

But the question is not an open one. In Imperial Hotel Company v. Claflin Company, 175 Ill. 119, the Hotel Company and A. C. Mills & Co., corporations, were sued jointly. They were held jointly liable by the trial court and the judgment was affirmed in the Appellate Court. The Supreme Court said: "The ground of reversal urged in the Appellate Court was, that the Superior Court erred in holding that the plaintiffs in error were joint debtors and jointly liable * * * . In the trial court there was no plea denying the joint liability, but it was insisted the evidence showed there was no joint liability". And, later, in holding that the judgment could not be sustained, the

court said: "No liability existed in favor of the H.
B. Claflin Company against both these defendants as
joint debtors. In an action *ex contractu* against several
it must appear that their contract was joint, and that
fact must be averred by the pleadings and shown by
the proof on the trial, otherwise no recovery can be
had; and this is the rule where the evidence shows
the contract is several, although none of the parties
have put their joint liability in issue by a plea in
abatement or a plea in bar verified by an affidavit".
To the same effect and fully as strong we find United
Workmen v. Zuhlke, 129 Ill. 298, 303, and Powell v.
Finn, 198 Ill. 567. In the latter case it is said: "It
is also well settled that, even in the absence of a plea
denying joint liability, the evidence must show such
liability as to all of the defendants in order to entitle
the plaintiff to a judgment".

This court has repeatedly laid down the same rule.
Davison v. Hill, 1 Ill. App. 70, is in point. Therein
the court, after stating that it was there claimed that
by this section of the Practice Act the common law
rule which, in actions *ex contractu* requires the cause
of action to be established against all the defendants
or there can be no recovery against any, had been
changed, said: "We think the statute sufficiently rad-
ical in its innovations upon well established princi-
ples, without according to it so broad a scope as that".
Speaking approvingly of this case last cited this court
in Martin v. Trainer, 125 Ill. App. 474, said: "In the
case of Davison v. Hill, 1 Ill. App. 70, it was held
that section 36, now under discussion, did not require
the filing of a plea denying joint liability, verified,
when it affirmatively appears that parties are made
defendants against whom no joint cause of action is
shown". Martin v. Nelson, 53 Ill. App. 517, is pre-
cisely in point to the same effect. It is there held
that notwithstanding this provision of the statute if
it affirmatively appears from the plaintiff's evidence
or is made to appear by the defendant's evidence, that

there is no joint liability, the joint action is then defeated. There are several other decisions to the same effect. Whatever language this court may have used in Touhy v. Daly, 27 Ill. App. 459, indicating that the section of the statute now under consideration has laid upon a joint defendant the burden of proving no joint liability, which is a negative, when no plea in abatement or verified plea in bar denying joint liability has been filed, must be regarded as overruled. The later decisions of our Supreme Court as well as of this court must be followed.

For the error indicated the judgment of the Municipal Court is reversed and the cause is remanded.

*Reversed and remanded.*

Mr. Justice BAKER dissenting.