## Frank J. Pluard, Defendant in Error, v. John J. Gerrity et al., Plaintiffs in Error.

### Gen. No. 14,285.

1. MUNICIPAL COURT—*how form of action instituted in, determined.* The form of an action instituted in the Municipal Court where there are no written pleadings is to be ascertained from the written statement of the demand.

2. ESTOPPEL—*operation of doctrine of, where definite position is taken in court.* Where a party deliberately takes a position in court, then an estoppel arises which prevents him from changing his position after the termination of that suit, whether the result therein is in his favor or against him.

3. ACTIONS AND DEFENSES—*what essential to recover in action ex contractu against several defendants.* In an action against two or more defendants *ex contractu* it must appear from the evidence that there was a joint contract by all the defendants; otherwise there can be no recovery against any one.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MICHAEL J. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed January 8, 1909.

**Statement by the Court.** Frank J. Pluard on November 5, 1907, brought suit in the Municipal Court against John J. Gerrity and Peter J. Gerrity and, according to the requirement of the statute, filed a "statement of the nature * * of the demand" as

follows: "Plaintiff's claim is for damages on a breach of contract to furnish steam heat and hot water for premises known as number 103, 92nd street. Damages $200." The two defendants entered their appearance and on November 12, 1907, the defendant John J. Gerrity filed a sworn plea denying that the defendants were jointly liable. The case was tried before the court without a jury and, on November 21, 1907, the court rendered a judgment against both defendants for $126.60 and costs of suit. Thereupon the Gerritys sued out this writ of error to reverse that judgment.

The facts upon which the judgment was rendered, as they appeared from the testimony, are shown in the record by way of an agreed statement.

It appears the testimony showed that plaintiffs in error, John J. and Peter J. Gerrity, leased to defendant in error, Frank J. Pluard, the cottage number 103, 92nd street for a term of one year beginning August 1, 1907, at a rental of $15 per month. Pluard used the cottage as his residence and also conducted a barber shop there. Shortly after August 1, 1907, Pluard made an oral agreement with John J. Gerrity (who evidently was in possession of an adjoining building with boilers in it) whereby John J. agreed to furnish Pluard with steam and hot water throughout the winter and with hot water for his barber shop during the summer. Pluard agreed to put into the cottage certain radiators and about two hundred feet of pipe to connect the boilers in John J. Gerrity's building with the radiators in the cottage and the bowls in the barber shop. Considerable of this pipe was to be in the open air between the buildings. Pluard agreed to attend to the fire in the hot water heater during the summer. Pluard put in the pipe and radiators and, until the steam heater was put in operation, attended to the hot water heater. John J. Gerrity furnished the steam and hot water. Some time after the completion of this arrangement John J. Gerrity told Pluard he would get some asbestos covering

for the pipe and asked Pluard to help him put it on, which the latter consented to do. But John J. Gerrity could not get the asbestos so he employed a plumber who did the whole job for $38.75. John J. Gerrity presented this bill to Pluard, who refused to pay it, and then John J. Gerrity shut off the steam and hot water. The defendant Peter J. Gerrity was aware of what was going on between Pluard and John J. Gerrity, but in nowise participated.

In putting in the plant Pluard had incurred a liability to a plumber of $106.60—$67.85 for material and $38.75 for labor—which seems to be the total cost of the plant. Of this bill Pluard paid only $10. The judgment rendered by the court, against both defendants, is made up of $106.60—the total plumber's bill—and $20 for punitive damages.

The learned trial judge laid down the following rule of damages as applicable to this case: ''The plaintiff's remedy is two-fold, first, he can let his investment stand, and recover for successive breaches of the contract; second, he can recover his investment and damages for breach of the contract, thereby ending further litigation.'' And the court also held that the case was a proper one for punitive damages.

FRANK FOSTER, for plaintiffs in error.

No appearance by defendant in error.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

This is an action *ex contractu*. The theory of an action is to be ascertained from the written statement of his demand solemnly made by a party in court. When a party deliberately takes a position in court then an estoppel arises which prevents him from changing his position after the termination of that suit, whether the result therein is in his favor or against him. The legal effect of Pluard's statement of his demand in

this case is an assertion that John J. Gerrity and Peter J. Gerrity, the defendants, jointly undertook and promised him to furnish steam heat and hot water and that they did not carry out and perform their joint promise in that behalf. The judgment was rendered by the learned trial judge on the theory of a joint obligation. In the evidence, however, there is not even a pretense or a suggestion that Peter J. Gerrity joined in any promise or undertaking with reference to furnishing steam heat and hot water. In an action against two or more, *ex contractu,* it must appear from the evidence that there was a joint contract, by all the defendants, otherwise there can be no recovery against anyone. For authorities see cases cited in Heidelmeir v. Hecht, 145 Ill. App. 116; The Cairo & St. Louis R. R. Co. v. Easterly, 89 Ill. 156, 158; Faulk v. Kellums, 54 Ill. 188; Cooper v. McNeil & Higgins, 43 App. 350. This rule applies to actions prosecuted before justices of the peace, where there are no pleadings. Briggs v. Adams, 31 Ill. 486. The rule, as specifically pointed out in some of these cited cases, is founded in sound reason and is one of substantive law, not merely one of practice. No one should in court be required to defend against a cause of action other than that wherewith he has been charged. Other errors appear in this record but it is unnecessary to discuss them. For the error in rendering judgment herein without any evidence tending to show liability on the part of Peter J. Gerrity the judgment is reversed and the cause remanded.

*Reversed and remanded.*