## J. A. Boller, Appellee, v. Charles B. O'Connor et al., Appellants.

1. VERDICTS—*when set aside as against the evidence.*   A verdict will be set aside on review as against the weight of the evidence where it is clearly and manifestly so.

2. PRACTICE—*section 54 of Act construed.*   By virtue of section 54 of the Practice Act the plaintiff is not required to adduce proof of the joint liability of the defendants to make out a *prima facie* case, unless a plea in abatement or denying joint liability is filed, but a failure to file such a plea or pleas does not preclude the defendant from taking advantage of such defense.

Assumpsit.   Appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.   Heard in this court at the March term, 1910.   Reversed and remanded.   Opinion filed August 5, 1910.

PARKER & EAGLETON, for appellants.

CHARLES B. McCoy and McCARTHY & ARNOLD, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit in assumpsit against Charles B. O'Connor, W. C. Martin, Frank Hammer and three other persons, for labor and material furnished by him in drilling a well for oil in Crawford county, Illinois, and obtained a judgment against said O'Connor, Martin and Hammer for $900.27, there having been no service of summons on the other defendants. An appeal was taken by the three parties against whom the judgment was rendered and the cause brought to this court for review.

It appears from the record in this case that on July 15, 1908, said O'Connor, Martin and Hammer, and three other persons, owned certain oil and gas leases on a large body of land in said Crawford county and on that day O'Connor for himself and the other owners of said leases entered into a written agreement, transferring an undivided half interest in a gas lease on one hundred acres of said lands to appellee, in consideration of which appellee agreed to drill a test well on said tract. Appellee proceeded under the contract to drill a well which he sunk to the depth of 1003 feet but failed to strike either oil or gas. A new agreement was then made, under which appellee drilled the well about 420 feet deeper at a cost for labor and material of $1929.55, but neither gas nor oil was discovered and the work was then abandoned.

Appellee claims that by the new agreement, which was not in writing, he was to bear one half of the expense of the additional drilling and that O'Connor agreed for himself and the other owners interested in the leases with him, that they would pay the other half.

On the other hand it is claimed on behalf of appellants, that O'Connor had no authority to enter into the second agreement for any one except himself, and that he did not in fact make any agreement or contract for them.

Only two witnesses were examined upon the trial of the case, appellee and O'Connor, and their testimony was in many respects conflicting. Appellee testified that when he

proposed to O'Connor to bear half the expense of the additional drilling, the latter said "He did not know whether he had the authority to do that or not but he studied a little and said 'yes sir' he would." O'Connor testified that appellee told him his half of the additional cost would not be over $200 and that he then said to appellee: "All right I will agree for myself but not for the others, because I have no authority to enter into any contract for these other parties without seeing them, but for myself, personally, I will stand the $200." O'Connor further said that he was to pay nothing unless oil was struck. There was an entire absence of direct proof in the evidence that O'Connor had any authority to make the additional contract on behalf of the other owners interested with him in the undivided one-half of the lease on the tract of land in question.

The evidence in the case appears to us to be wholly insufficient to warrant a judgment against the appellants Martin and Hammer. It is contended by appellee, however, that as there was no plea filed denying joint liability on the part of the defendants, they are not in position to avail themselves of that defense in this case.

Section 54 of the Practice Act provides, that proof of the joint liability of the defendants shall not in the first instance be required, to entitle the plaintiff to judgment unless such proof shall be rendered necessary by a plea in abatement or a plea in bar denying the joint liability, verified by affidavit. We understand that by this provision of the statute the plaintiff is not required to adduce proof of the joint liability of the defendants to make out a *prima facie* case, unless a plea in abatement or denying joint liability is filed, but we do not understand that a failure to file such a plea or pleas precludes the defendant from taking advantage of such defense. The effect of filing such plea is simply to cast the burden of proving the joint liability upon the plaintiff.

In Powell v. Finn, 198 Ill. 567, it is said: "It is well settled that, even in the absence of a plea denying joint liability, the evidence must show such liability as to all the de-

fendants in order to entitle plaintiff to a judgment." To the same effect are the cases of Heidelmeir v. Hecht, 145 Ill. App. 116; United Workmen v. Zuhlke, 129 Ill. 298; Martin v. Trainer, 123 Ill. App. 474; Martin v. Nelson, 53 App. 517.

The judgment in this case was therefore erroneous as to the defendants Martin and Hammer, but the judgment is a unit and being erroneous as to one of the defendants, is erroneous as to all. Sup. Lodge K. of H. v. Goldberger, 175 Ill. 19; Larsen v. Ditto, 90 Ill. App. 384.

For the reasons above given the judgment of the court below will be reserved and the cause remanded.

*Reversed and remanded.*