Frank J. Pluard, Defendant in Error, v. Peter J. Gerrity et al., Plaintiffs in Error.

## Gen. No. 15,597.

LANDLORD AND TENANT—*what damages cannot be recovered in action for failure to furnish heat, etc.* Damages not proximately resulting and not definitely established as to amount cannot be recovered in an action for the breach of a verbal agreement to furnish heat, etc.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed June 19, 1911.

FRANK FOSTER, for plaintiffs in error.

KRUSE & PEDEN and W. S. WHITTLESEY, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

In the case of Pluard v. Gerrity, 146 Ill. App. 224, the opinion reversing and remanding the case was filed January 8, 1909. On February 6, 1909, the defendant in error, hereinafter called plaintiff, again brought suit in the Municipal Court against plaintiffs in error, hereinafter called defendants, "for damages for breach of a verbal contract to furnish steam heat and hot water for barber shop in premises de-

scribed as cottage in rear of lot known as 103 92nd street, Chicago," claiming damages for plumbing and pipe fitting, coal, gas for heating, stoves, tank, loss of profits and damage to business. The cause was submitted to a jury, who found for the plaintiff and assessed the damages at $800, and judgment was entered on the verdict.

It is again urged that there was no liability on the part of Peter J. Gerrity. We think the evidence on that question was sufficient to go to the jury and are not disposed to disturb the verdict in that respect.

It is next urged that the court erred in the admission of evidence on the question of damages. On July 29, 1907, the plaintiff entered into a lease with the defendants for said premises for one year from August 1, 1907, to be used as a barber shop. The plaintiff testified that after the lease was executed John J. Gerrity said to him: "Now here, we have some radiators in our basement and if you will get some one to take them out and put them in your living rooms and connect them we will furnish you with all the steam you want, so you don't have to bother with coal," to which he said, "All right." The defendants claim the plaintiff said "he would pay for the plant" if furnished the steam. The jury having found for the plaintiff we assume his statement is correct; and it is on a breach of this contract the action is based. The plaintiff secured a plumber and had the connections made, thereby incurring a liability for $106.60, and, if it was a reasonable expense, is entitled to recover therefor. In making the connections some pipe was left exposed. The defendants had this covered with asbestos and claimed the plaintiff should pay for the same. The plaintiff refused to pay this charge and the defendants shut off the steam. The plaintiff thereupon purchased a stove, tank, etc., to provide heat and hot water, the cost of which, together with the cost of coal and gas, and the loss of profits, were recovered as damages.

The lease contained no provision that the defendants should furnish a stove, heat or hot water. It therefore devolved upon the plaintiff to furnish his own heat, hot water,

etc. Instead of buying a stove, coal, etc., in the first instance, he made the said verbal agreement to secure steam. To allow damages for the reasonable and necessary expenses incurred therein in connecting said radiators, and also allow the cost of his stove, coal, etc., would clearly be to allow double damages.

To prove loss of profits and damage to his business the plaintiff introduced in evidence his cash book showing his gross receipts from August 5, 1907, to and including February, 1909. We are unable to see how loss of profits can be determined from such evidence. It is true that in some instances, a proper foundation being laid, evidence of gross receipts may be admitted, but unless there be also evidence of expenses there certainly can be no calculation of profits. Neither is there any evidence that in any way warrants the conclusion that customers were lost to plaintiff because he had coal and gas heat instead of steam heat.

We are also of the opinion that the plaintiff cannot recover for loss of profits and damage to business, if any, for any time other than the few days from the time the steam was shut off until the stove and gas heater, etc., were installed, so that the plaintiff could continue his business. This action is not based upon the lease, but upon the verbal agreement made after the execution of the lease.

In C. C. C. & St. L. Ry. Co. v. Wood, 189 Ill. 352, the court said: "Where profits are the object and inducement of the contract and known to both parties so to be, such profits may be proven as a measure of damage for a breach of contract when susceptible of being proven with reasonable certainty." In Taylor Mfg. Co. v. Hatcher, 3 L.R.A. 587, it is said in a note thereto: "In an action upon contract only such damages are recoverable as are the natural and proximate consequence of the breach. These include direct damages, and such as the parties contemplated would be likely to result from a breach when the contract was made." Citing authorities. In Cyc., Vol. 13, pp. 51 *et seq.,* it is said: "As a general rule a party is entitled to recover the profits that would have resulted from a breach of a contract into

which he had entered, where such breach is the result of the fault or omission of the other party. In such case, however, it must be clearly shown that profits of which he claims to have been deprived are capable of being definitely ascertained, although it is not necessary that the profits claimed should be 'certain' or 'probable;' it is sufficient if they are reasonably 'certain' or reasonably 'probable.' Where there are no rules of evidence or no fixed mode of calculation applicable to the particular state of facts involved, it has been the rule to deny them. The broad general rule in such cases is that the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained; and this rule is subject to but two conditions: The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed." Citing authorities. Tested by these rules, it appears to us that when the parties made the arrangement to connect the radiators, the profits of the business were not the object and inducement thereof or in contemplation of the parties.

Other errors are assigned, but as they are not liable to again occur they need not be discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*