**W. B. Hamilton, Appellee, v. The Century Manufacturing Company et al., Appellants.**

1. JUDGMENTS—*joint.* A joint judgment against codefendants in an action for breach of warranty on a motor buggy purchased by mail order will be reversed where the evidence shows that the contract was made with only one of the defendants, though only the general issue is pleaded.

2. PARTIES—*joint liability.* While the statute relieves plaintiff from showing joint liability in the first instance, yet in the absence of a plea denying joint liability, the defendant may present such defense under the general issue.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed April 23, 1913.

C. E. POPE and H. F. DRIEMEYER, for appellants.

JOHNSON & JOHNSON and W. L. COLEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

W. B. Hamilton, plaintiff below brought this suit against The Century Manufacturing Company, a corporation, The Century Manufacturing Company, a corporation doing business as the Winner Manufacturing Company, Alfred N. Schulein, Solomon Schulein, and J. J. Connors, defendants, claiming that the defendants were jointly liable for damages for an alleged breach of warranty of a motor buggy he purchased by mail order from the Winner Manufacturing Company of East St. Louis.

Hamilton lived at Lenox, Georgia, and the motor buggy was shipped to him at that place, by the Winner Manufacturing Company, and received by him there, but the buggy could not be made to run satisfactorily and appellee claims it did not run as guaranteed by said company in their "advertising literature" sent him and on the representations of which he was induced to make the purchase.

To the declaration the defendants filed the general issue only. A jury was waived and the case was tried by the court.

The court found for the plaintiff and rendered judgment on finding for $428.50 and costs.

Two grounds for reversal are urged by appellant: First, misjoinder of defendants. Second, insufficient evidence.

If the first objection is found to be well made there will of course be no need to discuss the evidence relating to the alleged contract of warranty.

This action is *ex contractu* and must be governed by the rules of law which apply to such cases.

In actions *ex contractu* against two or more defend-

ants it must appear from the evidence that there was a joint contract by all the defendants, otherwise there can be no recovery against any one of them. This is the general rule. *Kingsland v. Koeppe,* 137 Ill. 344; *Pluard v. Gerrity,* 146 Ill. App. 224.

Appellee while recognizing this general rule of law contends that appellants are precluded from the benefits of such rule because they failed to file either a plea in abatement or a verified plea in bar denying joint liability.

Appellee to sustain this contention relies on section 54 of the Practice Act (chapter 110, R. S. 1911), which provides: "In actions upon contracts, expressed or implied, against two or more defendants, as partners, or joint obligors or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants or their Christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a plea in bar, denying the partnership, or joint liability, or the execution of the instrument sued upon, verified by affidavit."

In construing this section our courts have held that while it relieves the plaintiff from showing joint liability in the first instance still in the absence of a plea denying joint liability, the defendant may under the general issue present such defense.

It has also been held that the defendant without filing a plea denying joint liability, may successfully claim such defense where it affirmatively appears from the evidence that no joint liability existed under the contract sued on. *United Workmen v. Zuhlke,* 129 Ill. 298; *Powell Co. v. Finn,* 198 Ill. 567; *Heidelmeier v. Hecht,* 145 Ill. App. 116.

Appellee contends that the affirmative evidence alluded to must come from the defendants. We do not so understand the law. If it appears affirmatively from the evidence of the plaintiff alone, it is sufficient to defeat a joint recovery. Could it be held in a suit

against several defendants on a contract signed by one only and where the plaintiff's evidence shows such a contract, that all defendants sued would be liable, because they failed to plead nonjoinder? Affirmative evidence, from what ever source showing no joint liability is clearly sufficient to defeat a recovery.

Hence it follows as a matter of law from repeated holdings of the courts of this state, that where it appears from the evidence of either plaintiff or defendants, even on the plea of general issue alone, that the defendants sued were not jointly liable, a judgment against all defendants jointly cannot be sustained.

In this case it affirmatively appears from the evidence introduced by plaintiff to sustain his action that his contract was with the Winner Manufacturing Company alone. He made his contract of purchase of the motor buggy through correspondence with the Winner Manufacturing Company, all the advertising matter which is claimed to constitute the warranty of the motor buggy was sent out by the Winner Manufacturing Company.

The record is absolutely barren of any facts showing participation or interest in the sale by any of the defendants except the Winner Manufacturing Company. It alone if any one is liable under that contract, according to the evidence.

Under such a showing, the judgment in this case, against all of the defendants cannot be sustained.

We refrain from discussing the sufficiency of the evidence concerning the alleged warranty, for the reason a retrial may develop other or different facts.

For the error in rendering a joint judgment against all of the defendants, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*